John L. Doherty, DeCello, Manifesto, Doherty & Love, Pittsburgh, Pa., for appellant.

Edward J. Schwabenland, David B. Atkins, Jr., Asst. U. S. Attys., Robert J. Cindrich, U. S. Atty., Faye M. Gardner, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ADAMS, Circuit Judge, VAN DUSEN, Senior Judge and HUNTER, Circuit Judge.

UNITED STATES of America

v.

**Johnnie WILLIS, a/k/a Hogman, Appellant.**

No. 78–1956.

United States Court of Appeals, Third Circuit.

Submitted on Motion to Remand Sept. 7, 1979.

Decided Sept. 14, 1979.

## OPINION OF THE COURT

PER CURIAM.

This case involves an appeal by Johnnie Willis from a conviction for violating the narcotics laws and from the trial judge's denial of defendant's motion for acquittal or for a new trial. Among the grounds for the motion was an allegation of prosecutorial misconduct with regard to actions by police agents in conducting the investigation and in testifying at Willis' trial.

During the first half of 1977, Agents Harvey, Sharpic, and Bare of the Drug Enforcement Agency conducted an investigation regarding the distribution of heroin in Allegheny County. The investigation in-

volved purchases of heroin from Jerome Motton and Lorenzo Davis, with Willis allegedly acting as supplier. Agent Sharpic testified that purchases were made by him while he was under the surveillance of other agents. Agent Harvey also testified to a purchase of drugs. Willis' original co-defendants, Motton and Davis, testified against him after pleading guilty.

On appeal, this Court granted a motion by the United States Attorney to remand to the district court for the limited purpose of holding an evidentiary hearing on the allegations of perjury and misconduct by a government witness. No hearing was necessary, however, because the government and defense attorneys agreed on the substance of the false testimony and general misconduct of the agents.[1] The trial court filed findings of fact that Agent Sharpic had testified falsely regarding the surveillance of the drug purchases in question, and had participated in additional misconduct in this and other investigations. These acts of misconduct led to Agents Sharpic and Harvey pleading guilty to falsifying surveillance records and to Harvey's plea of guilty to illegal distribution of heroin.[2]

In his memorandum opinion the trial judge concluded that Sharpic was "clearly the material government witness." He added: "If the jury had known that Sharpic testified falsely, we believe that they easily could have chosen to disregard his entire testimony or at least to give it substantially less weight; if they had done either, it is clear to the Court that their verdict would have differed."[3]

After the case was returned to this Court for determination of the appeal, we requested that counsel submit supplementary briefs on the applicability of *Mesarosh v.*

*United States*[4] and *Williams v. United States.*[5] The United States Attorney then filed a motion to remand so that he could move the district court to vacate the conviction and dismiss the indictment "in the interests of justice."

We agree that the interests of justice would be better served by a dismissal of the indictment, and commend the United States Attorney for his adherence to the high standard of professional responsibility embodied in his status as a "representative not of an ordinary party to a controversy, but of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done."[6]

The motion of the United States Attorney will be granted and the case remanded to the district court to vacate the conviction and dismiss the indictment.

---

1. *United States v. Willis,* 467 F.Supp. 1111, 1112 (W.D.Pa.1979).

2. Sharpic entered a conditional plea of guilty and filed an appeal in this Court raising two issues: whether making a false surveillance report was a misstatement or misrepresentation of material fact under 18 U.S.C. § 1001 (1976), and whether he was the victim of constitutionally impermissible selective prosecution. We affirmed his conviction without opin-

ion. *Appeal of Sharpic,* 598 F.2d 612 (3d Cir. 1979).

3. *United States v. Willis,* 467 F.Supp. 1111, 1113 (W.D.Pa.1979).

4. 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956).

5. 500 F.2d 105 (9th Cir. 1974).

6. *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).