The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Edward Berlin GERMANY,
Defendant-Appellee.

The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

James A. CHILDS, Defendant-Appellee.

The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Megual Mariano TRUJILLO,
Defendant-Appellee.

The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Richard A. DURAN, Defendant-Appellee.

The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Dennis BANG, Defendant-Appellee.

Nos. 81SA559, 82SA189, 82SA240,
82SA260 and 82SA526.

Supreme Court of Colorado,
En Banc.

Nov. 15, 1983.

Norman S. Early, Jr., Dist. Atty., O. Otto Moore, Asst. Dist. Atty., William P. Buckley, Chief Deputy District Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant in Nos. 81SA559 and 82SA189.

Terrance Farina, Dist. Atty., William Henry Kain, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant in No. 82SA240.

Dennis E. Faulk, Dist. Atty., Steven B. Rich, Roger Larsen, Deputy Dist. Attys., Canon City, for plaintiff-appellant in No. 82SA260.

Dennis E. Faulk, Dist. Atty., Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant in No. 82SA526.

Burns & Sims, P.C., Steven O. Sims, Breckenridge, J. Gregory Walta, Colorado State Public Defender, Barbara S. Black-

man, Deputy State Public Defender, Denver, for defendant-appellee in No. 82SA526.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendants-appellees in Nos. 81SA559, 82SA189, 82SA240 and 82SA260.

Allen, Foreman & Mueller, Norman R. Mueller, Denver, for amicus curiae Colorado Criminal Defense Bar.

QUINN, Justice.

In these consolidated appeals the People challenge various district court rulings declaring unconstitutional section 16–5–402, C.R.S.1973 (1982 Supp.), which, subject to narrow exceptions, creates an absolute time bar to collateral attacks by defendants on criminal convictions. We hold that section 16–5–402 violates due process of law under the United States and Colorado Constitutions and accordingly affirm the rulings.

## I.

In each of these cases the defendant moved to prohibit the prosecution from using evidence of a prior conviction either to support guilt or to enhance punishment in a pending criminal prosecution. The People in each instance raised the statutory bar of section 16–5–402 to the defendants' motions. The statute, which became effective July 1, 1981, provides as follows:

"**16–5–402.** Limitation for collateral attack upon trial judgment. (1) Except as otherwise provided in subsection (2) of this section, no person who has been convicted under a criminal statute of this or any other state of the United States shall collaterally attack the validity of that conviction unless such attack is commenced within the applicable time period as provided in this subsection (1), following the date of said conviction:

| | |
|---|---|
| All class 1 felonies: | No limit |
| All other felonies: | Three years |
| Misdemeanors: | Eighteen months |
| Petty offenses: | Six months |

"(2) In recognition of the difficulties attending the litigation of stale claims and the potential for frustrating various statutory provisions directed at repeat offenders, former offenders, and habitual offenders, the only exceptions to the time limitations specified in subsection (1) of this section shall be:

(a) A case in which the court entering judgment of conviction did not have jurisdiction over the subject matter of the alleged offense;

(b) A case in which the court entering judgment of conviction did not have jurisdiction over the person of the defendant; or

(c) Where the court hearing the collateral attack finds by a preponderance of the evidence that the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the defendant to an institution for treatment as a mentally ill person.

"(3) If the judgment of conviction to which any collateral attack is directed was sustained upon review by a court of appellate jurisdiction in the state where the judgment was entered, no collateral attack on such judgment shall be permitted whether commenced within or outside the time limitations set forth in subsection (1) of this section, unless said collateral attack is based upon an opinion of the court of last resort subsequently announced in the state where the judgment was entered, which opinion is given retroactive effect in a manner invalidating the conviction."

Because the circumstances underlying *People v. Germany* are representative of the issue before us, we will limit our discussion to the facts of that case.[1]

---

**1.** This choice is not one of convenience only. In the other cases the parties simply adopt the arguments made in *People v. Germany* (No. 81SA555) without submitting separate briefs. A review of the records in the other cases permits only the barest reconstruction of the factual sequence in each case. In *People v. Childs* (No. 82SA189), the defendant was charged with second degree burglary of a dwelling, section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.), allegedly committed on September 6, 1981, and in a separate

On May 15, 1981, an information was filed in the Denver District Court charging Edward Berlin Germany with second degree burglary, section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8), and five counts of habitual criminality, section 16–13–101, C.R.S. 1973 (1978 Repl.Vol. 8). Thereafter, in November 1981, Germany filed a motion to dismiss the habitual criminal counts on the ground that the prior convictions were based on guilty pleas that were involuntarily entered. The district attorney conceded that there were reasonable grounds to believe that two of the prior convictions were obtained in violation of the United States Constitution and the court, without objection, dismissed those two habitual criminal counts.

The court then conducted a hearing on Germany's motion to dismiss the remaining three habitual criminal counts. The People argued that, because each of the challenged convictions was more than three years old, Germany's motion was barred by section 16–5–402. Germany countered with the argument that the statute violated due process of law and equal protection of the laws, *U.S. Const.*Amend. XIV; *Colo. Const.* Art. II, Sec. 25, as well as the rulemaking power vested in the supreme court by Article VI, Section 21 of the Colorado Constitution. The district court held that the statute violated due process of law under the federal and state constitutions because it unreasonably infringed upon the rights of defendants to collaterally attack constitutionally invalid prior convictions.[2] The People, pursuant to section 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8), seek reversal of the court's declaration of unconstitutionality.[3]

The essence of the People's argument is that section 16–5–402 is a statute of limitations that reasonably limits the time within which a prior criminal conviction may be challenged and, as such, does not violate due process of law under the United States

---

count with a 1978 conviction for second degree burglary as the basis of enhanced sentencing under the habitual burglary offender statute, section 18–4–202.1, C.R.S.1973 (1982 Supp.). The defendant filed a motion to suppress the 1978 conviction. The trial court declared section 16–5–402 unconstitutional and entertained the defendant's collateral challenge. In *People v. Trujillo* (No. 82SA240), the defendant was charged with the felonies of first degree criminal trespass, section 18–4–502, C.R.S.1973 (1978 Repl.Vol. 8), and criminal mischief, section 18–4–501, C.R.S.1973 (1978 Repl.Vol. 8), both offenses having been committed on May 3, 1981. The trial court, rejecting the district attorney's interposition of the time bar of section 16–5–402, entertained the defendant's motion to suppress three prior felony convictions which the district attorney intended to use for impeachment purposes in the trial. In *People v. Duran* (No. 82SA260), the defendant was charged with possession of contraband in the first degree, section 18–8–204.1, C.R.S.1973 (1982 Supp.), allegedly committed on December 13, 1980, and three counts of habitual criminality, section 16–13–101(2), C.R.S.1973 (1982 Supp.), based on 1973, 1974 and 1978 felony convictions. The trial court entertained the defendant's collateral challenge to the prior felony convictions, ruling section 16–5–402 unconstitutional. Finally, in *People v. Bang* (No. 82SA526), the defendant was charged with driving after judgment prohibited on February 13, 1982, in violation of section 42–2–206(1), C.R.S.1973 (1982 Supp.). The defendant filed motions to suppress three prior traffic offense convictions entered in 1976 and 1978. The trial court, over the district attorney's objection, held section 16–5–402 unconstitutional and granted the defendant's motion to suppress.

2. The ruling of the trial court, in pertinent part, was as follows:

"The Court is mindful of the fact that it must indulge in every presumption of constitutionality and that the burden is upon the defendant to establish that a statute is unconstitutional clearly and beyond a reasonable doubt."

\* \* \* \* \* \*

"The Court concludes clearly and beyond a reasonable doubt that C.R.S. 16–5–402 . . . unconstitutionally limits the rights of defendants to collaterally attack constitutionally or procedurally invalid prior convictions. The limitation imposed by the statute denies defendants to whom it applies due process of law and equal protection of the laws."

Because we hold the statute violates due process of law under the United States and Colorado Constitutions, we do not address the equal protection issue.

3. Section 16–12–102, C.R.S.1973 (1978 Repl. Vol. 8), states that the prosecution "may appeal any decision of the trial court in a criminal case upon any question of law" and imposes upon the district attorney the duty to appeal any decision declaring "any act of the general assembly . . . inoperative or unconstitutional in any criminal case, unless the same issue of constitutionality is already pending before a reviewing court in another case."

or Colorado Constitutions. We conclude that section 16–5–402 violates due process of law under the Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution because it creates a virtually unconditional time bar to the defendant's right to challenge the governmental use of unconstitutional convictions in a pending criminal prosecution, without affording him any opportunity to show that his failure to assert the constitutional challenge at an earlier time was the result of justifiable excuse or excusable neglect.

## II.

▉ Our decision proceeds from basic principles of American jurisprudence which we briefly summarize at the outset. Both the United States and the Colorado Constitutions accord an accused substantive and procedural rights that are binding on the government in a criminal prosecution. These rights include the privilege against self-incrimination and the protection against double jeopardy, *U.S. Const.*Amend. V; *Colo. Const.* Art. II, Sec. 18, as well as the right to be advised of the nature and cause of the accusation, the right to confrontation and compulsory process of witnesses, the right to the assistance of counsel, and the right to a speedy and public trial by an impartial jury, *U.S. Const.* Amend. VI; *Colo. Const.* Art. II, Sec. 16. These procedures have been constitutionalized not only to protect the innocent from an unjust conviction but, of equal importance, to preserve the integrity of society itself by keeping sound and wholesome the process by which it visits its condemnation on a wrongdoer.

▉ Given these constitutional strictures on the government, it is axiomatic that a conviction imposed in violation of a basic constitutional right may not be used to support guilt or to enhance punishment. This precept finds its source in the principle that unconstitutional convictions, in addition to being of suspect reliability, abridge the very charter from which the government draws its authority to prosecute anyone. Acknowledgment of this principle has led the United States Supreme Court to fashion exclusionary rules in a variety of settings in order to vindicate the constitutional right violated in a prior criminal prosecution. The prosecution, for example, has been prohibited from using uncounseled convictions in violation of the Sixth Amendment as a predicate for punishment enhancement under a state recidivist statute, *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and this exclusionary rule has been extended to prosecutorial use of uncounseled convictions for impeachment purposes, *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), and to judicial use of uncounseled convictions for sentencing purposes, *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).[4] *See also, e.g., Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (conviction vacated due to admission of hearsay evidence in violation of constitutional right of confrontation); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (accused entitled to habeas corpus relief where confession admitted before jury without a reliable judicial determination of voluntariness); *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (conviction reversed because of admission of evidence seized in violation of constitutional prohibition against unlawful searches and seizures). On the state level, we have broadly applied exclusionary rules to prohibit prosecutorial use of unconstitutional convictions, whether stemming from

---

**4.** *Compare Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam) (uncounseled misdemeanor conviction which resulted in fine only could not be used under state enhanced penalty statute to convert a subsequent misdemeanor into a felony) *with Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (prior uncounseled conviction may support federal charge of possession of weapon by prior felon, since congress could rationally decide that an uncounseled conviction indicates the offender poses sufficient danger to be disabled from possessing firearms). We noted the difficulty of reconciling *Baldasar* and *Lewis* in *People v. Roybal,* 618 P.2d 1121 (Colo.1980).

a right to counsel violation or some other constitutional impairment. *E.g., People v. Quintana,* 634 P.2d 413 (Colo.1981) (recognition of rule prohibiting admission of unconstitutional convictions as predicate for habitual criminal charge); *People v. Roybal,* 618 P.2d 1121 (Colo.1980) (exclusionary rule applied to uncounseled traffic offense convictions used to support guilt for crime of driving after judgment prohibited); *People v. Meyers,* 617 P.2d 808 (Colo.1980) (prohibition of impeachment use by prosecution of conviction based on guilty plea entered in violation of right to counsel and ·without adequate judicial advisement of nature of offense); *People v. Roybal,* 617 P.2d 800 (Colo.1980) (recognition of rule that traffic offense convictions based on guilty pleas not voluntarily and understandingly made are inadmissible to support crime of driving after judgment prohibited).

To be sure, the state has a legitimate interest in preserving the finality of criminal convictions. Section 16–5–402(2) expresses this interest in terms of eliminating the difficulties attending the litigation of stale claims and avoiding the potential of frustrating the statutory proscriptions directed at repeat offenders. The state's interest in finality, however, is itself subject to constitutional limitations. Recognizing that the state's interest in finality is not a justification for permitting unconstitutional convictions to stand, the United States Supreme Court has often overturned state criminal convictions which, as a result of a federal habeas corpus proceeding, have been found to be constitutionally defective. *E.g., Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (successful collateral challenge to conviction based on guilty plea entered without accused being advised of critical element of charge); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (collateral challenge to felony guilty plea sustained where plea resulted from prosecutorial vindictiveness occasioned by accused's assertion of right to *de novo* appeal following misdemeanor conviction); *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973) (successful collateral challenge to conviction obtained in violation of double jeopardy); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (successful habeas corpus challenge to felony conviction entered in violation of accused's constitutional right to counsel). Our state legislature also has recognized the inherent infirmity in an unconstitutional conviction by granting every person convicted of a crime the right to make application for postconviction review, notwithstanding the fact that no appeal was taken from the conviction or, if taken, that the appeal was unsuccessful. Section 18–1–410(1), C.R.S.1973 (1978 Repl.Vol. 8).

In the final analysis, the implementation of an accused's right to challenge governmental use of an unconstitutional conviction is no more than one aspect of the duty of the judiciary to uphold the constitution in all judicial proceedings. *See, e.g., Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803); *People v. Nothaus,* 147 Colo. 210, 363 P.2d 180 (1960). Thus, while the state may enact reasonable requirements for collateral challenges to prior criminal convictions, thereby ensuring that claims will be raised at a time when they may be easily determined and necessary corrective action taken, it may not do so without providing a criminally accused a meaningful opportunity to challenge allegedly unconstitutional .convictions which the government seeks to use against him in a pending criminal prosecution.[5] Whether

---

**5.** While the governmental interest in eliminating stale claims is a legitimate one, it must be remembered that any increasing staleness is offset by a decreasing state interest in punishment: "The farther in time a postconviction proceeding is from the original conviction, the more difficult will be retrial but, equally, the greater the portion of the original sentence that will already have been completed." *ABA,*

*Standards For Criminal Justice: Postconviction Remedies,* Commentary to Standard 22–2.4 at 22.27 (2d ed. 1982). *See People v. Roybal,* 618 P.2d 1121, 1127 n. 7 (Colo.1980) (difficulties of proof, "though real and substantial, cannot be permitted to be used to erode constitutional rights of accused persons"). The same reasoning applies to the state's interest in avoiding the frustrating effect of collateral challenges on

section 16–5–402 provides such an opportunity is the question to which we now turn.

### III.

Subsection 16–5–402(1) establishes a time limit of three years for collateral challenges to prior felony convictions other than class 1 felonies, an eighteen month limitation for challenges to misdemeanor convictions, and a six month limitation period in the case of petty offenses. The only three exceptions to the time bar are listed in subsection (2): lack of subject matter jurisdiction, lack of jurisdiction over the defendant, and the failure to raise a challenge due to an adjudication of incompetence or commitment to an institution for treatment as a mentally ill person. Even greater restrictions are imposed by subsection 16–5–402(3). This subsection, which is limited to those defendants who have unsuccessfully pursued a direct appeal of their convictions, prohibits a collateral attack even within the limitation period "unless said collateral attack is based upon an opinion of the court of last resort subsequently announced in the state where the judgment was entered, which opinion is given retroactive effect in a manner invalidating the conviction." Section 16–5–402

became effective on July 1, 1981. Colo. Sess.Laws 1981, ch. 190, § 5 at 927. An examination of the statutory scheme will point up its constitutional infirmities.[6]

### A.

■ Nothing in the statute indicates a legislative intent to limit the time bar to felony convictions imposed after its effective date. On the contrary, section 16–5–402(1) looks to the past as well as the future. It prohibits any person who "has been convicted" from collaterally attacking the validity of that conviction unless the challenge is made within the applicable time period "following the date of said conviction." Thus, even though the Colorado Criminal Code grants a convicted offender the right to seek collateral review of a constitutionally flawed conviction, section 18–1–410, C.R.S.1973 (1978 Repl.Vol. 8), the effect of section 16–5–402(1) is to immediately cut off this right for all persons whose convictions antedate the statute by an interval of time in excess of the statutory limitation period. Such retrospective elimination of an existing statutory right, which the legislature itself has recognized as a matter of "substantive right" included

repeat offender statutes. Especially in criminal litigation, where an alleged infringement of a constitutional right often affects life or liberty, conventional notions of finality associated with civil litigation have no place. *Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148, 157 (1963).

"On the civil side, people rely on judicially determined rights, especially in contract and property matters, involving directly and indirectly interests of many third parties. Reopening of judgments could have great and uncertain ramifications affecting many persons. This element is almost totally lacking in criminal judgments, which are peculiarly personal and which only rarely give rise to inextricable acts of reliance by others." *ABA, Standards For Criminal Justice: Postconviction Remedies, supra* at 22.27.

**6.** Much of the legal argument submitted in the briefs centers on the scope of the words "collaterally attack" as used in section 16–5–402. While all the parties agree that at least this term embraces challenges made during a prosecution separate and apart from the proceeding resulting in the original conviction, such as

challenges to convictions underlying a habitual criminal prosecution or challenges to a conviction sought to be introduced to impeach a testifying defendant, the parties dispute whether the statute is intended to bring within its scope challenges brought directly in the original case, such as post conviction motions under Crim.P. 35(c). The Denver District Attorney argues that the limitation periods of the statute are not applicable to Crim.P. 35(c) proceedings. The defendants contend that the statute applies to all post conviction proceedings, once the judgment has been affirmed on appeal or has otherwise become final when no appeal has been taken. Also, in *People v. Dugger* (No. 82SA551), which was originally consolidated with these cases but will be resolved separately due to other issues not present here, the Attorney General argues that section 16–5–402 applies to all post-conviction proceedings including Crim.P. 35(c) motions. We do not find it necessary to determine whether Crim.P. 35(c) proceedings are exempted from the statutory time bar because, in our view, even if they were exempted, the statute would still violate due process of law with respect to all other collateral challenges.

"within the concept of due process of law," section 18–1–401, C.R.S.1973 (1978 Repl.Vol. 8), cannot be squared with the constitutional prohibition against retrospectively depriving a person of a statutory right without due process of law. *Colo. Const.* Art. II, Sec. 25; *Colo. Const.* Art. II, Sec. 11; *see generally French v. Deane,* 19 Colo. 504, 36 P. 609 (1894).[7] Were this the only infirmity in the statute, we might well be able to read into it a reasonable grace period to allow collateral challenges for past convictions antedating the limitation period. More basic defects, however, would render that effort futile.

### B.

Section 16–5–402(1) bars all collateral challenges commenced beyond the period of limitation, without regard to the cause or circumstance underlying the failure to raise an earlier challenge, as long as the adjudicating court had jurisdiction over both the subject matter and the defendant and the failure to seek earlier relief was not the result of an incompetency adjudication or a commitment to an institution for mental treatment.

A few examples will illustrate the arbitrary effect of this time bar. A defendant who pleads guilty to a felony based on a statute which more than three years later is declared unconstitutional would be powerless to challenge the prior conviction, despite the long-standing rule that a conviction under an unconstitutional law is void. *E.g., United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); *Ex parte Siebold,* 100 U.S. 371, 25 L.Ed. 717 (1879); *Coulter v. Routt County,* 9 Colo. 258, 11 P. 199 (1886). Similarly, a felony conviction entered in violation of the constitutional protection against double jeopardy would nonetheless be admissible against an accused in any subsequent prosecution commenced more than three years later, even though the

proceeding resulting in the prior conviction was a complete nullity. *See Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam) (defendant has right to challenge guilty plea on double jeopardy grounds because Double Jeopardy Clause precluded state from ever obtaining a valid conviction). It might be argued at this point that a constitutional violation that precludes the state from obtaining any conviction at all, regardless of how much the state endeavors to correct the constitutional defect, relates to the subject matter jurisdiction of the court and thus comes within the exception of subsection 16–5–402(2)(a). Nothing in subsection (2)(a), however, indicates that the "subject matter" exception applies to anything other than statutory jurisdiction of the court over the particular crime for which the accused was convicted.

Numerous other illustrations can be cited. Once the three year period of limitation expires, a defendant who entered uncounseled and unconstitutional pleas of guilty to multiple felonies would be denied his right to collaterally challenge the governmental use of those convictions in a subsequent habitual criminal proceeding, notwithstanding the existence of facts or circumstances amounting to a justifiable excuse for the failure to raise an earlier challenge and despite the fact that the constitutional right to counsel enunciated in *Gideon v. Wainwright, supra,* has been given full retroactive effect by the United States Supreme Court. *E.g., Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971) (per curiam). So too, the statute would preclude a defendant from collaterally challenging a felony conviction based upon prosecutorial evidence which, more than three years after the conviction, is first determined to be constitutionally tainted or even perjured, although numerous courts have allowed a challenge in this situation without regard to time limitations.

---

**7.** In their brief the People, while maintaining that section 16–5–402 is not facially unconstitutional, concede that since the statute became effective on July 1, 1981, the application of the time bar to Germany would leave him with

virtually no opportunity to challenge the constitutional validity of the prior convictions underlying the habitual criminal counts and, in this respect, would represent an unconstitutional application of the statute to him.

*See, e.g., Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *United States v. Willis,* 606 F.2d 391 (3d Cir.1979); *People v. Armstead,* 179 Colo. 387, 501 P.2d 472 (1972). Finally, subsection 16–5–402(3) would preclude a collateral challenge to a prior felony conviction even within the limitation period where the defendant had unsuccessfully raised a constitutional challenge on direct appeal. In this situation the statute mandates that only if a "court of last resort" later enunciates a rule which, if applied retroactively, would invalidate the prior conviction, may the defendant pursue a collateral challenge to that conviction. It necessarily follows that if a "court of last resort" does not expressly decide the retroactive application of a newly promulgated constitutional rule, subsection (3) would prohibit the defendant from collaterally challenging a prior conviction even though his challenge is based upon a colorable claim that the new rule is such that retroactive application is constitutionally mandated.[8]

These examples sufficiently demonstrate the capricious effects of the statutory scheme. In many cases—those involving retroactive application of a newly promulgated rule of constitutional law are prime examples—a collateral proceeding is the only feasible means of seeking redress for a prior violation of a basic constitutional right. Section 16–5–402, nevertheless, makes no attempt to distinguish between those constitutional challenges which could and should have been asserted in a timely manner and those which, due to special circumstances or causes, could not have been raised within the applicable period of limitation.

## C.

The very idea of due process of law includes a meaningful opportunity for a criminally accused to challenge assertedly unconstitutional evidence before it may be used against him to prove guilt or enhance punishment in a pending prosecution. Section 16–4–502, however, creates what is virtually an unconditional time bar to the vindication of constitutional claims even when the failure to assert an earlier claim was the result of circumstances other than culpable neglect. We are satisfied that due process protections of the United States and Colorado Constitutions prevent the state from employing a system of forfeiture with respect to constitutional claims solely on the basis of a time bar, without affording an accused a meaningful opportunity to establish that the failure to make a timely challenge was the result of circumstances amounting to justifiable excuse or excusable neglect. *See Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (dictum that a convicted offender would have right to collaterally challenge conviction on the basis of constitutional defect in grand jury proceedings upon showing of cause for nonassertion of claim and actual prejudice, notwithstanding state rule requiring such defense to be raised before trial); Westen, *Away From Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure,* 75 Mich.L.

---

**8.** In determining whether a particular constitutional principle should be retroactively applied three factors must be considered: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, 1203 (1967). *See also Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); *People v. Walker,* 666 P.2d 113 (Colo.1983).

In addition to the right to counsel, examples of some of the constitutional rules that have been applied retroactively include the following: the right in a criminal proceeding to have the prosecution establish guilt by proof beyond a reasonable doubt, *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), applied retroactively in *Ivan v. City of New York,* 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972); the right to a reliable judicial determination of the voluntariness of a confession prior to its admission before the jury, *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963), applied retroactively in *McNerlin v. Denno,* 378 U.S. 575, 84 S.Ct. 1933, 12 L.Ed.2d 1041 (1964); double jeopardy bar against state and municipal prosecutions based upon the same act or offense, *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed. 435 (1970), applied retroactively in *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973).

Rev. 1214, 1244 (1977) ("one can interpret *Francis* as standing for the proposition that a state has no constitutional authority to prohibit a defendant who has been convicted at trial from attacking his conviction on the basis of constitutional defenses that he had 'cause' for not asserting before trial"). Several other states which have enacted limitation periods on collateral proceedings have recognized the essential need to permit challenges out of time upon some showing of good cause or excuse. *See* Ill.Ann. Stat. ch. 38, § 122–1 (Smith-Hurd 1973) (post conviction action barred if not commenced within twenty years after final judgment "unless the petitioner alleges facts showing that the delay was not due to his excusable neglect"); N.J.Crim.Prac.Rule 3:22–12 (1983) (filing of petition for postconviction relief barred if filed more than five years after judgment "unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect"); Wyo.Stat. § 7–14–101 (1977) (postconviction actions barred if not commenced within five years of conviction, "unless the petitioner alleges facts showing that the delay was not due to his own neglect").

In conclusion, we hold that section 16–5–402 violates due process of law under the Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution because it precludes collateral challenges to the constitutional admissibility of prior convictions in pending criminal prosecutions solely on the basis of a time bar, without providing the defendant an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect.

The rulings are accordingly affirmed.