**Daryl K. BURFORD, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee,
at Nashville.

Dec. 21, 1992.

Comer L. Donnell, Dist. Public Defender, Lebanon, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, and Kimbra R. Spann, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

ANDERSON, Justice.

In this case, the only issue presented for our review is whether the petitioner's claim for post-conviction relief is barred by the three-year statute of limitations contained in Tenn.Code Ann. § 40–30–102. Clearly, the post-conviction claim here was filed more than three years after the "final action of the state's highest appellate court" and ordinarily would have been barred under the plain language of the statute. However, the grounds for relief (earlier enhancing convictions were declared void) occurred after the "state's highest appellate court" action, and the question arose as to the effect of the later arising grounds on the statute of limitations period. The trial court found that the petitioner's claim was barred and dismissed the petition. The Court of Criminal Appeals affirmed. We conclude that, while the statute of limitations is not unconstitutional on its face, it is unconstitutional as applied in petitioner's case because it denies him due process under the state and federal constitutions. Therefore, we hold that the petition is not barred by the statute of limitations. As a result, we reverse the Court of Criminal Appeals judgment dismissing the petition and remand for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 1976, the petitioner, Daryl K. Burford, pled guilty and was convicted on five counts of armed robbery in Wilson County. On November 18, 1982, Burford was convicted of simple robbery in Davidson County. On November 28, 1984, Burford was convicted of robbery with a deadly weapon once again in Wilson County. At the sentencing hearing, the State used this conviction and the five robbery convictions from 1976 to establish that Burford was an habitual criminal and, as a result, he was sentenced to life.

On February 20, 1985, Burford was convicted of robbery with a deadly weapon in Trousdale County. The State used this conviction and the 1976 robbery convictions to have Burford sentenced as a persistent offender to 50 years, with the sentence running concurrent to the life sentence he was already serving. The Court of Criminal Appeals affirmed the conviction and the sentence, and we denied Burford's application for permission to appeal on August 4, 1986.

In 1988 Burford filed a petition for post-conviction relief in Wilson County. The petition alleged that the 1976 robbery convictions were constitutionally infirm because Burford had not been advised of his right against self incrimination before he pled guilty, and therefore, the 1984 life sentence for being an habitual criminal, which was based upon the 1976 convictions, was invalid. On October 24, 1988, the Wilson County Criminal Court granted Burford relief, holding four of the 1976 convictions to be void and vacating the 1984 life sentence. The trial court resentenced Burford on the 1984 robbery conviction to a term of forty years, to be served concurrently with any other sentences. Neither Burford nor the State appealed the trial court's ruling.

On May 10, 1990, Burford filed the present post-conviction action in Trousdale County. The petition alleged that the 50–year persistent offender sentence imposed upon him for the 1985 robbery conviction was excessive in light of the fact that four of the 1976 robbery convictions had been set aside by the Wilson County Criminal Court. The State defended on the basis of waiver and the three-year statute of limitations contained in Tenn.Code Ann. § 40–30–102.

The Trousdale County Criminal Court found that the three-year statute of limitations began to run on the 1985 conviction when this Court denied Burford's application for permission to appeal on August 4, 1986. Since the petition was not filed until May 10, 1990, the trial court found that Burford's claim was barred by the statute of limitations. The Court of Criminal Appeals affirmed.

## POST–CONVICTION STATUTE OF LIMITATIONS

The U.S. Supreme Court recommended, in *Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), that the states create post-conviction procedures for addressing alleged constitutional errors occurring during the conviction process in order to supplement habeas corpus remedies. The General Assembly of Tennessee responded to that recommendation in 1967 by enacting the Post–Conviction Procedure Act. *See Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn.Crim.App.1982). *See also* 1967 Tenn.Pub. Acts, ch. 310.

Under the Act, a prisoner may file a petition for post-conviction relief with the clerk of the court where the conviction occurred, Tenn.Code Ann. § 40–30–103 (1990), and "[r]elief shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States." Tenn.Code Ann. § 40–30–105 (1990). Prior to the 1986 amendment to the Act, a prisoner could petition for post-conviction relief under the Act "at any time after he ha[d] exhausted his appellate

remedies and before the sentence ha[d] expired or ha[d] been fully satisfied." Tenn. Code Ann. § 40–30–102 (1982). In 1986, however, the legislature passed Tenn.Pub. Acts, ch. 634, which amended § 40–30–102 to provide that

> [a] prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

The petitioner contends that his claim for relief is not barred by the statute of limitations because he did not have a claim for relief in Trousdale County until the Wilson County Criminal Court set aside four of the 1976 robbery convictions. In other words, Burford argues that the statute of limitations did not begin to run until the 1976 convictions were set aside, thereby exposing to collateral attack the persistent offender sentence imposed after the Trousdale County conviction in 1985.

The petitioner argues in the alternative that we should strike down the statute of limitations as a violation of due process under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Article 1, § 8 of the Tennessee Constitution, because it prevents the assertion of constitutional rights in collateral challenges to convictions and sentences solely on the basis of a time bar. In addition, the defendant argues that application of the statute of limitations to bar his petition for post-conviction relief deprives him of liberty without due process because he will have to serve the persistent offender sentence despite the fact that four of the five convictions used to enhance his sentence have been set aside.

The State, on the other hand, contends that the statute of limitations began to run on the Trousdale County conviction and sentence when this Court denied Burford's application for permission to appeal that conviction on August 4, 1986. Since the petition for post-conviction relief was not filed in Trousdale County until May 10,

1990, the State argues that the claim is barred.

The State also argues that it was well within the legislature's power to enact the three-year statute of limitations, and that the statute does not violate due process because it provides a reasonable period of time in which claims can be asserted. In addition, the State contends that application of Tenn.Code Ann. § 40–30–102 to bar Burford's petition does not deprive him of his due process rights.

The Fifth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, *see Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), provides, in part, that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." In addition, the Fourteenth Amendment to the U.S. Constitution provides, in part, that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." The corresponding provision of the Tennessee Constitution provides "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Tenn. Const. art. I, § 8.

■ Although the language of these provisions is different, the "law of the land" provision of Article I, § 8 of the Tennessee Constitution has been construed as synonymous with the "due process of law" provisions of the Fifth and Fourteenth Amendments to the U.S. Constitution. *See Daugherty v. State,* 216 Tenn. 666, 393 S.W.2d 739 (1965). However, U.S. Supreme Court interpretations of the due process clauses of the U.S. Constitution only establish a minimum level of protection, and this Court, as the final arbiter of the Tennessee Constitution, is always free to expand the minimum level of protection mandated by the federal constitution. *Doe v. Norris,* 751 S.W.2d 834, 838 (Tenn.1988).

■ Identification of the precise dictates of due process requires consideration of both the governmental interests involved and the private interests affected by the official action. *Fusari v. Steinberg,* 419 U.S. 379, 389, 95 S.Ct. 533, 539, 42 L.Ed.2d 521, 529 (1975). The Tennessee Post–Conviction Procedure Act only provides relief for a prisoner in custody under sentence of a court of this state "when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States." Tenn.Code Ann. § 40–30–102. The private interest at stake is a prisoner's opportunity to attack his conviction and incarceration on the grounds that he was deprived of a constitutional right during the conviction process.

The governmental interest represented by the three-year statute of limitations contained in Tenn.Code Ann. § 40–30–102 is the interest in preventing the litigation of stale and groundless claims. The legislative history of the statute reveals that the legislature was concerned about allowing prisoners to assert claims so long after their convictions that witnesses are no longer available, or their memory of the criminal events is affected. In addition, the legislative history demonstrates that the legislature was concerned about the cost to the State of continually allowing prisoners to file usually fruitless post-conviction petitions, including the cost of transportation of prisoners to hearings.

■ Although the freedom from bodily restraint and punishment by the State without due process of law is a fundamental right, *Ingraham v. Wright,* 430 U.S. 651, 673–74, 97 S.Ct. 1401, 1413–14, 51 L.Ed.2d 711, 731–32 (1977), states have no constitutional duty to provide post-conviction relief procedures. *Pennsylvania v. Finley,* 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539, 547 (1987). Accordingly, the opportunity to collaterally attack constitutional violations occurring during the conviction process is not a fundamental right entitled to heightened due process protection.

■ Moreover, it is clear that the State has a legitimate interest in preventing the litigation of stale or fraudulent claims. *Jimenez v. Weinberger,* 417 U.S. 628, 636, 94 S.Ct. 2496, 2501, 41 L.Ed.2d 363, 370 (1974). It is also clear that a state may erect reasonable procedural requirements for triggering the right to an adjudication, such as statutes of limitations, and a state may terminate a claim for failure to comply with a reasonable procedural rule without violating due process rights. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265, 279 (1982).

■ However, before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. *Id.,* 455 U.S at 437, 102 S.Ct. at 1158–59, 71 L.Ed.2d at 279. The question, then, is "whether the state's policy reflected in the statute affords a fair and reasonable opportunity for ... bringing ... suit." *Pickett v. Brown,* 638 S.W.2d 369, 376 (Tenn.1982), *rev'd on equal protection grounds* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). In other words, the test is whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined. *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S.Ct. 158, 160, 100 L.Ed. 83, 89 (1955).

■ Given the private and governmental interests at stake, we conclude that the three-year statute of limitations contained in Tenn.Code Ann. § 40–30–102 provides a reasonable opportunity for the presentation of post-conviction claims. *See Davis v. State,* 443 N.W.2d 707 (Iowa 1989). *But see People v. Germany,* 674 P.2d 345 (Colo. 1983) (holding Colorado's statute of limitations was unconstitutional because it violated due process). Accordingly, pursuant to our duty to hold statutes constitutional if they are not purely arbitrary, *Epstein v. State,* 211 Tenn. 633, 643, 366 S.W.2d 914, 919 (1963), we hold that Tenn.Code Ann. § 40–30–102 complies with the due process requirements of the U.S. and Tennessee Constitutions.

Although we have determined that the statute is constitutional, it is possible that under the circumstances of a particular case, application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided. *Michel v. Louisiana, supra,* 350 U.S. at 95, 76 S.Ct. at 161, citing *Reece v. Georgia,* 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955). Clearly, it would be helpful in such instances for the legislature to adopt a shorter statute of limitations for later arising grounds providing such a reasonable opportunity. In the present case, the statute combines with jurisdictional and procedural requirements to deprive Burford of such a reasonable opportunity.

■ The petitioner's challenge to the Trousdale County sentence depended upon the validity of the Wilson County convictions. Until the Wilson County convictions were declared invalid, the petitioner had no grounds to challenge the Trousdale County proceedings. Petitioner could not challenge the Wilson County convictions in Trousdale County since Wilson County had sole jurisdiction of that claim. Tenn.Code Ann. § 40–30–103. Yet, had Burford filed a separate petition in Trousdale County challenging the sentence in that court at the same time he filed the petition in Wilson County to have the 1976 convictions voided, as the State contends he could have, the Trousdale County petition would have been subject to dismissal because the Trousdale County court could not have considered the underlying convictions until they were set aside by the court with jurisdiction, namely the Wilson County court where the convictions occurred. Only then would the persistent offender sentence based upon the 1976 convictions be subject to collateral attack in Trousdale County. *See State v. Prince,* 781 S.W.2d 846, 851 (Tenn.1989); *State v. McClintock,* 732 S.W.2d 268, 272 (Tenn.1987). As a result, petitioner found himself caught in a procedural trap and unable to initiate litigation in Trousdale County despite the approach of the three-year limitation.

The State, however, contends that application of the statute to bar Burford's claim would not deprive him of liberty without due process because he still had ten months to file the current petition in Trousdale County after the 1976 convictions were set aside before the statute of limitations ran out. This argument, however, is based upon the government's interest in the administrative efficiency and economy created by a time bar. Under the circumstances of Burford's case, we find this interest insufficient to outweigh the petitioner's interest against serving an excessive sentence in violation of his constitutional rights.

As stated previously, identification of the precise dictates of due process requires consideration of the governmental and private interests involved. *Fusari v. Steinberg, supra,* 419 U.S. at 389, 95 S.Ct. at 539, 42 L.Ed.2d at 529. While the State has a legitimate interest in preventing the litigation of stale and fraudulent claims, *Jimenez v. Weinberger, supra,* 417 U.S. at 636, 94 S.Ct. at 2501, 41 L.Ed.2d at 370, we find that application of the statute of limitations to Burford's petition fails to serve that interest.

There is nothing stale or fraudulent about the petitioner's claim. Although he filed his petition outside the time limits provided by the statute of limitations, there is no difficulty here with the availability of witnesses or the memories of witnesses. Nor is there a problem with respect to a groundless claim generating excessive costs. It is abundantly clear that the petitioner has a valid claim to have his sentence reduced, and all the Trousdale County court will have to do is examine the record of the Wilson County proceedings. The Trousdale County court can then re-sentence Burford using the appropriate considerations set forth in the Criminal Sentencing Reform Act. Tenn.Code Ann. §§ 40–35–101 to –35–504 (1990 & Supp. 1991). Accordingly, we find that the governmental interest represented by Tenn. Code Ann. § 40–30–102 is not served by applying the statute to bar Burford's petition.

Moreover, although the Post–Conviction Procedure Act only provides an opportunity to litigate constitutional attacks upon prior convictions, which we have already determined is not a fundamental right, application of the statute to bar Burford's petition in this case will deny him of a fundamental right. If consideration of the petition is barred, Burford will be forced to serve a persistent offender sentence that was enhanced by previous convictions that no longer stand. As a result, Burford will be forced to serve an excessive sentence in violation of his rights under the Eighth Amendment to the U.S. Constitution, and Article I, § 16 of the Tennessee Constitution, which, by definition, are fundamental rights entitled to heightened protection.

Given that the governmental interest in preventing the litigation of stale or fraudulent claims is not served by applying the statute to bar consideration of Burford's petition, we find that the only other governmental interest served by application of the statute in this case is the administrative efficiency and economy provided by a time bar. Clearly, as stated earlier, this governmental interest is insufficient to override Burford's interest against serving an excessive sentence in violation of his rights under the Eighth Amendment to the U.S. Constitution and Article I, § 16 of the Tennessee Constitution. In criminal litigation, where an alleged infringement of a constitutional right often affects life or liberty, conventional notions of finality associated with civil litigation have less importance, *Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148, 157 (1963), and "the fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution." *I.N.S. v. Chadha,* 462 U.S. 919, 944, 103 S.Ct. 2764, 2781, 77 L.Ed.2d 317, 340 (1983).

■■■ Finally, the State contends that application of the statute to bar consideration of the petition would not deprive Burford of liberty without due process because he still has the avenue of habeas corpus available to him. The purpose of a habeas

corpus petition is to contest void and not merely voidable judgments, and a petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Newsome v. Henderson*, 221 Tenn. 24, 30, 424 S.W.2d 186, 189 (1968); *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963). Since there is nothing in the Trousdale County record to show that the persistent offender sentence is anything but facially valid, and extrinsic evidence is necessary to demonstrate that the 1976 convictions have been set aside, habeas corpus is not an available avenue of relief for the petitioner.

Accordingly, although we find that the statute itself complies with due process, we hold that application of Tenn.Code Ann. § 40–30–102 to bar consideration of the petition in this case deprives Burford of liberty without due process of law. As a result, we reverse the judgment of the Court of Criminal Appeals dismissing the petition, and remand this case to the trial court for an evidentiary hearing. The costs of this appeal are taxed to the State of Tennessee.

REID, C.J., and DROWOTA and O'BRIEN, JJ., concur.

DAUGHTREY, J., concurs with separate opinion.

DAUGHTREY, Justice, concurring.

For almost 20 years, from the time of its passage in 1967 to the time of the 1986 amendment at issue here, Tennessee's Post–Conviction Procedure Act had no time limitation on the filing of a petition under the Act. Because the courts were too frequently burdened with stale complaints, the legislature attempted to solve this problem by creating a three-year statute of limitations that ostensibly took effect on July 1, 1986. *See* T.C.A. § 40–30–102 (originally enacted as Acts 1986, Ch. 634, § 1).

If the amendment had been given literal application by the courts, the new statute of limitations would have barred all claims arising before July 1, 1983, unless they were filed in the short period of time between the date of enactment (March 3, 1986) and the date the statute took effect (July 1, 1986).

The Court of Criminal Appeals was the first appellate court to review a due process challenge to such a strict application of the 1986 amendment, in *Abston v. State*, 749 S.W.2d 487, 488 (Tenn.Crim.App.1988). The court held in that case that the new three-year limitation should apply prospectively only. *Id.* at 488. The effect of this ruling, which we now uphold in the instant case, was to allow judicial review of claims arising prior to July 1, 1983, *if* they were filed prior to July 1, 1989.

But the same constitutional sensitivity that produced the *Abston* court's holding, to the effect that due process requires adequate notice of statutory filing limitations, is equally relevant here. Moreover, the legislature has spoken on the appropriate length of the filing period for raising post-conviction claims, setting it at three years. Thus, because the factual grounds for relief in this case did not arise until Burford's convictions on the predicate offenses were set aside on October 24, 1988, I would hold that the time period for the filing of his subsequent petition for relief from the effect of those invalidated judgments should have extended to October 24, 1991. Under this interpretation, the petition for post-conviction relief that Burford filed on May 10, 1990, would clearly be timely.

Of course, the legislature could adopt a shorter statute of limitations for later-arising grounds. Perhaps as a matter of policy the petitioner should be restricted to one year—or to even less than one year, as the state argues here.[1] In order to square such an abbreviated limitation with the requirements of due process, however, the petitioner has to have had adequate *notice* of the shortened period.

---

1. The underlying convictions originally imposed in Wilson County in 1976 were invalidated in that county on October 24, 1988. Because the three-year statute of limitations ran on the 50- year sentence imposed in Trousdale County on August 4, 1989, there was a period of nine months, 12 days between entry of the Wilson County and Trousdale County judgments.

Currently, the only notice provision imposed by the legislature is the three-year limit found in T.C.A. § 40–30–102. It is true that this three-year period is to be measured from "the date of the final action of the highest state appellate court to which an appeal is taken." It is also true that a literal application of the statute would make the current petition attacking Burford's 1985 robbery conviction untimely, because that conviction became final when this Court denied application for permission to appeal on August 4, 1986, and this petition was not filed until May 10, 1990, more than nine months after the statutory period ran out on August 4, 1989.

Such a literal interpretation would not be constitutionally consistent with *Abston,* however. Until the petitioner in this case, and others in his position, are put on notice that § 40–30–102 is *not* the controlling statute in the case of later-arising grounds, claims such as Burford's should not be barred by the three-year limitation provision contained in that provision. Here, under a literal interpretation of the statute, Burford would have had just over nine months in which to file a post-conviction petition such as the one in this case, challenging his 1985 conviction of armed robbery and the resulting 50–year sentence. Hypothetically, of course, legitimate grounds for relief might come to light long after the three-year period has run, as in the case of suppression of material evidence by the prosecution that is concealed for many years after trial. Through no fault of his or her own, an inmate in such a situation would be foreclosed from any type of post-conviction relief other than, perhaps, executive clemency. While I adhere enthusiastically to policies of finality and judicial economy, I cannot accept such a narrow interpretation of the 1986 amendment to the Post–Conviction Act.

Other courts have found a too-literal reading of a time limitation on post-conviction actions to be constitutionally suspect on due process grounds. For example, in 1983 the Colorado Supreme Court was faced, as we are here, with a request by the state for the strict application of Colorado's statute of limitations. The court held that the statute as it then existed

> ... violates due process of law under the Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution because it precludes collateral challenges to the constitutional admissibility of prior convictions in pending criminal prosecutions solely on the basis of a time bar, without providing the defendant an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect.

*People v. Germany,* 674 P.2d 345, 354 (Colo.1983).

In the *Germany* opinion, the Colorado court also recognized that at least three other states, Illinois, New Jersey, and Wyoming, had enacted statutes permitting post-conviction challenges outside the usual period for filing such petitions upon a showing of some good cause or excuse. *Id.* As a result of the *Germany* opinion, the Colorado legislature amended the post-conviction statute to add an exemption from the rigid time restrictions in those cases "[w]here the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." Colo. Rev.Stat. § 16–5–402(2)(d).

In the meantime, just two weeks after its opinion in *Germany,* the Colorado Supreme Court had been faced with a factual situation almost identical to that presented in *Burford.* By applying the principles established in *Germany,* the court determined that dismissal of petitioner Dugger's claim, based upon failure to comply with the time limitations of the Colorado statute, violated due process principles. *See People v. Dugger,* 673 P.2d 351, 352–53 (Colo.1983).

In Iowa, a similar due process challenge has been leveled against that state's statute. In *Davis v. State,* 443 N.W.2d 707 (Iowa 1989), the Iowa Supreme Court held that the statute imposed a reasonable time restriction on the filing of post-conviction challenges. But the court also noted that

the applicable statute of limitations "does furnish an escape clause ... by providing that 'this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.'" *Id.* at 708. Thus, the Iowa statute would not have precluded a petitioner from raising a post-conviction challenge under the facts presented in this case.

It obviously would be best if the Tennessee General Assembly would enact legislation dealing specifically with the effect of T.C.A. § 40–30–102 on later-arising grounds. Until it does, however, I do not believe that we can cut off claims based on such grounds, even though they appear to exceed the three-year limitation on filing, without violating due process. Therefore, I would hold that the statute of limitations in this case did not run until October 24, 1991, and that the petition that Burford filed in this case on May 10, 1990, is not barred by the 1986 amendment to T.C.A. § 40–30–102.