# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION



**FILED**

**January 29, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **MICHAEL S. HOLMES**, | ) |
| | ) |
| Appellant, | ) C. C. A. No. 02C01-9703-CR-00106 |
| | ) |
| V. | ) Shelby County |
| | ) |
| **STATE OF TENNESSEE**, | ) Honorable Chris Craft, Judge |
| | ) |
| Appellee. | ) (Post-Conviction: Facilitation of a |
| | ) Felony) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

A C Wharton, Jr._____John Knox Walkup
Shelby County Public Defender        Attorney General & Reporter

Edward G. Thompson                   Kenneth W. Rucker
Assistant Public Defender            Assistant Attorney General
616 Adams Avenue                     Criminal Justice Division
Memphis, TN 38103                    450 James Robertson Parkway
                                     Nashville, TN 37243-4351

                                     William L. Gibbons
                                     District Attorney General

                                     Daniel Woody
                                     Assistant District Attorney General
                                     Criminal Justice Complex, Suite 301
                                     201 Poplar Avenue
                                     Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The Shelby County Criminal Court dismissed the appellant Michael S. Holmes' petition for post-conviction relief and he appeals. We affirm.

On June 1, 1993, the appellant pled guilty to facilitation of a felony and was sentenced to five years imprisonment. No appeal was taken. On September 18, 1996, the appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel. Finding that the statute of limitations had expired, the trial court dismissed the petition upon preliminary consideration pursuant to Tennessee Code Annotated § 40-30-206(b) (Supp. 1996).

The trial court appointed the public defender's office to represent the appellant on appeal. The appellant's attorney argues that the trial court was without jurisdiction to appoint counsel because the appointment was made more than thirty days after the trial court dismissed the petition. The state does not address the issue. This concern does not affect the validity of the appeal. The appellant properly perfected his appeal to this Court.

On appeal, the appellant argues that the trial court erred in dismissing his petition without appointing counsel and conducting a hearing. Tennessee Code Annotated §§ 40-30-206(a) & (b) provide that a trial court shall dismiss a post-conviction petition upon preliminary consideration if it plainly appears from the record that the petition was not filed within the time set forth in the statute of limitations. Preliminary consideration is a review of the record by the court. Tenn. Code Ann. § 40-30-206(a), -(b). Appointment of counsel and a hearing are not required.

The appellant's petition is clearly barred by the statute of limitations. A person in custody under a sentence of a court of this state must petition for post-

conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or if no appeal is taken, within one year of the date on which judgment became final.[1]  The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations; however, none of them are applicable to the present case.  See Tenn. Code Ann. § 40-30-202(b) (Supp. 1996).

The appellant also argues that the application of the statute of limitations to the facts of his case violate his right to due process because he has been deprived of a reasonable opportunity to have his post-conviction claim heard. We find nothing in the record to establish that the appellant has been denied a reasonable opportunity to have his claims heard.  See Watkins v. State, 903 S.W.2d 302 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992).  The appellant also cites People v. Germany, 674 P.2d 345 (Colo. 1983) as supporting his position that the application of the statute of limitations to his case is unconstitutional.  The facts in the case at bar are clearly distinguishable from the facts in Watkins, Burford, and Germany.  Nothing of a constitutional magnitude prevented the appellant from timely filing his petition.

The trial court's dismissal of the petition is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

[1]We realize the appellant's conviction originally fell under the three-year limitation which changed to one year in May 1995.  This has no bearing on the case's outcome.

_____
DAVID G. HAYES, Judge


_____
JOE G. RILEY, Judge