# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1998 SESSION



**FILED**

**August 25, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| **ANDREW M. ARNOLD,** | ) |
| | ) C.C.A. No.  01C01-9712-CC-00581 |
| Appellant, | ) |
| | ) Montgomery County |
| V. | ) |
| | ) Honorable Robert W. Wedemeyer, Judge |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction) |
| Appellee. | ) |
| | ) |

FOR THE APPELLANT:

Gregory Smith
Attorney at Law
One Public Square
Suite 321
Clarksville, TN 37040

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

John Wesley Carney, Jr.
District Attorney General

Arthur Bieber
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040

OPINION FILED: _____

**AFFIRMED–RULE 20**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Andrew M. Arnold, appeals the dismissal of his petition for post-conviction relief.  On August 21, 1995, the appellant pled guilty to one count of aggravated sexual battery.  He filed a petition for post-conviction relief on March 25, 1997, and on May 12, 1997, the trial court conducted a hearing on the petition.  On October 27, 1997, the trial court dismissed the petition, stating that the petition was not timely filed.

The appellant's primary issue for review then is whether the trial court properly dismissed his petition for post-conviction relief.  We affirm.

The appellant contends that the post-conviction court erred by dismissing his petition for post-conviction relief.  He argues that he entered a guilty plea based upon his attorney's advice that he would be out of jail in one year and two months.  He contends that had he been given correct advice, he would have asked for a jury trial.  Therefore, he asserts that because his attorney gave incorrect advice regarding his parole eligibility, his petition is governed by Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

The state argues that the post-conviction court properly dismissed the appellant's petition.  The state contends that because the appellant's conviction became final on August 21, 1995, his filing of a post-conviction petition on March 25, 1997, was time barred.  The state asserts that the appellant's challenge to his parole eligibility  "is not based on a new constitutional right, new scientific evidence, or an enhanced sentence due to an invalid conviction."  Therefore, Burford is not applicable.

The trial court properly dismissed the appellant's petition for relief.  We agree with the court's determination that the appellant's petition was time barred.  Also, Burford is not applicable in this case.  Therefore, we affirm the denial of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

_____
PAUL G. SUMMERS, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge