Rodney CAROTHERS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 4, 1997.

No Application for Permission to Appeal Filed.

Rodney Carothers, Clifton, pro se.

John Knox Walkup, Attorney General & Reporter, Ellen H. Pollack, Assistant Attorney General, Victor S. Johnson, III, District Attorney General, Nick Bailey, Assistant District Attorney General, Nashville, TN, for Appellee.

## OPINION

THOMAS T. WOODALL, Judge.

The Petitioner, Rodney Carothers, appeals the order of the Davidson County Criminal Court dismissing his *pro se* petition for post-conviction relief. The trial court found that the petition was filed outside the statute of limitations. In this appeal, Petitioner raises numerous issues which can collectively be summarized as challenging the trial court's ruling that his petition for post-conviction relief is time-barred. After a review of the record, we affirm the trial court's denial of post-conviction relief.

On July 8, 1993, Petitioner pled guilty and was convicted of attempted especially aggravated robbery, for which he was sentenced to ten (10) years, and aggravated burglary, for which he was sentenced to three (3) years. The sentences were ordered to be served concurrently. According to the Order entered by the trial court, the Petitioner waived appeal during the plea proceedings.

On July 1, 1996, Petitioner filed his first petition for post-conviction relief. He alleged ineffective assistance of counsel and that he had not knowingly and voluntarily entered his guilty pleas. The trial court subsequently dismissed the petition without an evidentiary hearing because it was filed outside the one-year statute of limitations and because it fit none of the exceptions to the one-year filing requirement. Tenn.Code Ann. § 40–30–202(a) and (b).

At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40–30–102 (repealed 1995). In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three (3) years to one (1) year. Tenn.Code Ann. § 40–30–202(a). The new 1995 Post–Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. Because the previous three-year statute of limitations had

not expired for the Petitioner at the time the new Act took effect, his right to petition for post-conviction relief survived under the new Act. *See Carter v. State,* 952 S.W.2d 417 (Tenn., Knoxville, 1997).

As a result, the Petitioner had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. *See* Compiler's Notes to Tenn.Code Ann. § 40–30–201; Tenn.Code Ann. § 40–30–202(a). The Petitioner filed his petition for post-conviction relief on July 1, 1996, a few weeks after the expiration for the one-year period. The Petitioner has not alleged that his claims fit within one of the enumerated exceptions to the one-year statute of limitations. Tenn.Code Ann. § 40–30–202(b). Accordingly, we conclude that the trial court correctly found that the petition was barred by the statute of limitations, and therefore, a summary dismissal of the petition was appropriate. Tenn.Code Ann. § 40–30–206(b).

■ The Petitioner raises the issue that the Act's one-year statute of limitations violates due process guarantees. *See* U.S. Const. amend. XIV, § 1; Tenn. Const. art. I, § 8. The State, on the other hand, argues that it was within the legislature's power to enact the one-year statute of limitations and that the statute does not violate due process because it provides a reasonable period of time in which post-conviction claims can be asserted.

■ It is well-established that the identification of the precise dictates of due process requires consideration of both the governmental interests involved and the private interests affected by the official action. *Burford v. State,* 845 S.W.2d 204, 207 (Tenn.1992) (*citing Fusari v. Steinberg,* 419 U.S. 379, 389, 95 S.Ct. 533, 42 L.Ed.2d 521, (1975)). With regard to post-conviction proceedings, the governmental interest represented by the statute of limitations is the prevention of the litigation of stale and groundless claims, with the accompanying cost. *Id.* The private interest at stake is a prisoner's opportunity to attack his or her conviction and incarceration on the grounds that he or she was deprived of a constitutional right during the conviction process. *Id.*

Although freedom from bodily restraint and punishment by the State without due process of law is a fundamental right, it is clear that states have no constitutional duty to provide post-conviction relief procedures. *Id.* (citations omitted). Thus, as our supreme court held in *Burford,* the opportunity to collaterally attack constitutional violations which occurred during the conviction process is not a fundamental right entitled to heightened due process protection. *Id.*

■ It is clear that the State has a legitimate interest in preventing the litigation of stale or fraudulent claims. *Id.* at 208 (*citing Jimenez v. Weinberger,* 417 U.S. 628, 636, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974)). The State may therefore "erect reasonable procedural requirements for triggering the right to an adjudication, such as statutes of limitations, and [the] [S]tate may terminate a claim for failure to comply with a reasonable procedural rule without violating due process rights." *Id.* (citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)). Before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, however, due process requires that potential litigants be given an opportunity to present claims at a meaningful time and in a meaningful manner. *Id.*

As was the case in *Burford,* when our supreme court considered the constitutionality of the three-year statute of limitations, the question before us is "whether the [S]tate's policy as reflected in the statute affords a fair and reasonable opportunity for ... bringing ... suit." *Id.* (*quoting Pickett v. Brown,* 638 S.W.2d 369, 376 (Tenn.1982), *rev'd on equal protection grounds,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983)). The test is whether the time period provides a petitioner a reasonable opportunity to have the claimed issue heard and determined. *Id.* (*citing Michel v. Louisiana,* 350 U.S. 91, 93, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). Having considered the private and governmental interests at stake, we conclude that the one-year statute of limitations contained in Tennessee Code Annotated section 40–30–202 provides a reasonable opportunity for the presentation of post-conviction claims. *Cf.*

*Burford,* 845 S.W.2d at 208 (concluding that the three-year statute of limitations provided a reasonable opportunity for the presentation of post-conviction claims). Accordingly, we believe that the one-year statute of limitations on petitions for post-conviction relief does not violate the due process guarantees of the United States and Tennessee Constitutions.

■ Moreover, we do not believe that the application of the one-year statute of limitations in the present case violated this Petitioner's due process rights. As we stated above, the Petitioner's conviction became final on July 8, 1993. At that time, the previous three-year statute of limitations applied to the Petitioner, meaning that he would ordinarily have had until July 8, 1996 to file for post-conviction relief. The new Post-Conviction Procedure Act took effect on May 10, 1995, and governed all petitions filed after that date, including the Petitioner's, which was filed on July 1, 1996. The new Act had the effect of shortening the statutory period applicable to the Petitioner from July of 1996 to May of 1996. However, even though the new Act shortens the previous statute of limitations, it does provide those prisoners who were still within the prior three-year statutory period, such as the Petitioner in the case at bar, a reasonable opportunity to file for post-conviction relief after the effective date of the new one-year statutory period. *See* Compiler's Notes to Tenn.Code Ann. § 40–30–201 (referring to Acts 1995, ch. 207, § 3); *cf. Pacific E. Corp. v. Gulf Life Holding Co.,* 902 S.W.2d 946, 956–57 (Tenn.App. 1995) (citations omitted) (concluding that applying shortened statute of limitations to causes of action for usury not unjust). We can only conclude that the application of the one-year statute of limitations did not violate this Petitioner's due process rights.

Accordingly, we affirm the judgment of the trial court and hold that the Petitioner's constitutional rights were not violated, and that his petition for post-conviction relief was time-barred by the applicable one-year statute of limitations under the 1995 Act.

GARY R. WADE, Judge, J. CURWOOD WITT, Jr., Judge, concur.