IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1998 SESSION

FILED

February 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID COX, | * | C.C.A. # 03C01-9712-CC-00532 |
| Appellant, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Richard L. Gann, II
P. O. Box 6888
320 Court Street
Maryville, TN 37804

For Appellee:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
Criminal Justice Division
2d Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0493

Philip Morton
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner, David Cox, appeals the trial court's dismissal of his petition for post-conviction relief. He presents three issues for our review:

(I)  whether the trial court erred by determining his petition was barred by the statute of limitations;

(II)  whether strict enforcement of the statute of limitations violates his right to due process; and

(III)  whether the trial court should have granted the state's motion to dismiss when it was untimely filed.

We affirm the judgment of the trial court.

On April 23, 1993, the petitioner was convicted of two counts of possession and delivery of cocaine, for which he received an eight-year sentence. The trial court ordered the petitioner to serve sixty days in custody; the balance of the sentence was suspended. On October 5, 1994, this court affirmed. State v. David Cox, No. 03C01-9401-CR-00023 (Tenn. Crim. App., at Knoxville, Oct. 5, 1994). There was no application for permission to appeal to the supreme court. Id. Sometime later, the petitioner's probation was revoked. This court affirmed the revocation. State v. David Cox, No.03C01-9510-CC-00328 (Tenn. Crim. App., at Knoxville, Aug. 30, 1996). The supreme court denied review of the probation revocation on April 14, 1997. On May 16, 1997, the petitioner filed this petition alleging ineffective assistance of counsel at his trial and on appeal. The trial court dismissed the petition as barred by the statute of limitations.

I

The petitioner argues that the statute of limitations did not begin until April 14, 1997, when the supreme court denied review of his probation revocation appeal, rather than October 5, 1994, when our court affirmed the trial court's

2

judgment on his original trial.

The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. Effective July 1, 1986, the General Assembly adopted a three-year statute of limitations. Tenn. Code Ann. § 40-30-102 (repealed 1995). In consequence, any petitioner whose judgment had become final before July 1, 1986, had only three years thereafter to file a petition for post-conviction relief. State v. Masucci, 754 S.W.2d 90 (Tenn. Crim. App. 1988).

In 1995, our legislature passed the new Post-Conviction Procedure Act which is applicable to all petitions filed after May 10, 1995. It shortened the statute of limitations to one year:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. ... Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-201(a).

In Betsy Jane Pendergrast v. State, No. 01C01-9607-CC-00289 (Tenn. Crim. App., at Nashville, May 16, 1997), this court ruled that any person whose three-year statute of limitations had not expired when the new Act was passed would have one year from its passage to file for relief. Slip op. at 3. See generally Carter v. State, 952 S.W.2d 417 (Tenn. 1997). Here, the defendant was

3

convicted on April 23, 1993. This court affirmed the judgment on October 5, 1994. No further appeal was taken. Using the rationale of Pendergrast, the petitioner would have had until May 10, 1996, to timely file a petition for post-conviction relief.

The statute is tolled only in few circumstances: when a new constitutional right has been created, there is scientific proof of actual innocence, or when a sentence has been enhanced based on prior convictions which have subsequently been found invalid. Tenn. Code Ann. § 40-30-202(b). Probation revocation does not fall into any of these categories. Moreover, the defendant's argument that the probation revocation extended the time in which to file is contrary to the legislative intent of the 1995 Act, which sought to shorten the filing period and limit the litigation of stale claims. In Carter, our supreme court observed that the purpose of the new Act was to "restrict the time and opportunity to seek relief." 952 S.W.2d at 420.

At the hearing on this post-conviction petition, the petitioner claimed that his counsel at the convicting trial and the appeal from that conviction was ineffective. For the first time in this appeal, he now argues that his counsel at the probation revocation proceeding was ineffective for failing to advise the petitioner of his rights under the Post-Conviction Procedure Act. Initially, this claim is waived for failure to present it at the trial level. Butler v. State, 789 S.W.2d 898, 902 (Tenn. 1990). Furthermore, the general rule is that one does not have a constitutional right to counsel at a probation revocation proceeding. The United States Supreme Court has commented upon this issue:

> [T]he decision as to the need for counsel [at a revocation proceeding] must be made on a case-by-case basis ... Although ... counsel will probably be ... constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness--the touchstone of due process-- will require [appointed

counsel].

Gagnon v. Scarpelli, 411 U.S. 778, 790 (1967).  If there is no constitutional right to counsel at the revocation proceedings, post-conviction relief cannot be granted on grounds of ineffective assistance.  Only a constitutional violation will qualify the petitioner for relief.  Tenn. Code Ann. § 40-30-203.

II

The petitioner next complains that application of the statute of limitations to his petition violates his right to due process of the law.  He first argues that his due process rights are violated because the statute of limitations was reduced from three years to one year.  This court, however, has ruled that because the one-year period provides a "reasonable opportunity to file for post-conviction relief," due process is not violated.  Carothers v. State, 980 S.W.2d 215, 218 (Tenn. Crim. App. 1997).

The petitioner also argues that strict enforcement of the limitations period is improper because he did not perceive the need to file a post-conviction proceeding until he realized he would have to serve his term in custody.  In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding would violate due process.  In determining whether there has been a violation of due process, the essential question is whether the time period allowed by law provides petitioner a fair and reasonable opportunity to file suit.  Id.  In Burford, the petitioner could not file within the three-year limitation absent a determination on his prior post-conviction petition.  Our supreme court ruled that Burford was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation."  Id.

5

In <u>Sands v. State</u>, 903 S.W.2d 297 (Tenn. 1995), our supreme court further defined how to apply the <u>Burford</u> test. Courts must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the state's interest in preventing the litigation of "stale and fraudulent claims."

<u>Sands</u>, 903 S.W.2d at 301 (citations omitted) (quoting <u>Burford</u>, 845 S.W.2d at 207, 208).

Ignorance of the fact that he would have to serve his sentence does not qualify as a "later-arising" ground. In our view, application of the statute of limitations to his petition does not violate due process.

III

The petitioner's final complaint is that the state's motion to dismiss was filed untimely and should not have been granted by the trial judge. We disagree. The amended petition for post-conviction relief was filed on July 18, 1997. The state filed a motion to dismiss on September 4, 1997. There was a hearing on the motion to dismiss on November 6, 1997.

Section 40-30-208, Tenn. Code Ann., governs the state's duty to respond to a petition: "The district attorney general shall represent the state and file an answer or other responsive pleading within thirty (30) days, unless extended for good cause. ... Failure by the state to timely respond does not entitle to petitioner to

6

relief under the Post-Conviction Procedure Act." Even though the state was late in filing its response, the plain language of the statute requires that the petitioner is not entitled to relief due to the tardiness of the state.

Moreover, the trial court is under a statutory duty to dismiss the petition if it is clearly barred by the statute of limitations. After the answer is filed, the court is required to review the case. "If ... the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Tenn. Code Ann. § 40-30-209(a). See also Tenn. Code Ann. § 40-30-206(a) ("If [at the preliminary consideration phase] it plainly appears from the face of the petition ... that the petition was not filed in the court of conviction or within the time set forth in the statute of limitations ... the judge shall enter an order dismissing the petition").

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge