**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

October 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

DEWAYNE GENTRY,             )

       Appellant,             )

VS.                             )

STATE OF TENNESSEE,       )

       Appellee.              )

)
) C.C.A. NO. 01C01-9904-CC-00117
) (No. F-29392 Below)
) RUTHERFORD COUNTY
)
) The Hon. James K. Clayton, Jr.
)
) (Dismissal of Post-Conviction Petition)
)
) AFFIRMED PURSUANT TO RULE 20

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Having reviewed the state's motion, the petitioner's brief, and the record on appeal, we find that the motion is well taken.

It appears that the petitioner pled guilty to aggravated rape and was sentenced as a mitigated offender on September 7, 1994, to thirteen years, six months in the Tennessee Department of Correction. The petitioner filed his post-conviction petition on January 29, 1999, and the trial court dismissed the petition as barred by the statute of limitations.

Prior to May 10, 1995, the statute of limitations for post-conviction petitions was three years. T.C.A. § 40-30-102 (repealed 1995). On May 10, 1995, the limitations period was shortened to one year. T.C.A. § 40-30-202(a) and Compiler's Notes to § 40-30-201. Because the previous three-year statute of limitations had not expired as of May 10, 1995, the petitioner's right to petition for post-conviction relief survived under the new Act. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). Thus, the petitioner had one year from May 10, 1995, in which to file a petition for post-conviction relief, or until May 1996. His petition was not filed until January 1999. Therefore, the court below was correct in concluding that the petitioner's claim for relief was time-barred by the statute of limitations.

Under T.C.A. § 40-30-202(b), the only exceptions to the one-year statute of limitations are: (1) the claim in the petition is based upon a final ruling of an appellate court

establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner failed to show that his claim fall within one of the exceptions set forth in T.C.A. § 40-30-202(b). Instead, the petitioner submits that his plea was not intelligently, knowingly, and voluntarily entered because his attorney, the district attorney general, and the trial judge failed to inform him that he would not be automatically released after serving 20% of his sentence, but rather that he would be merely eligible for parole at that time.

The statute clearly states that the one-year limitations period shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. T.C.A. § 40-30-202(a). Moreover, application of the statute of limitations in this instance does not violate due process principles. In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our Supreme Court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. Id. In Burford, the Supreme Court held that the petitioner was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation." Id. No such trap exists here.

In the alternative, the petitioner contends that the one-year statute of limitations is unconstitutional. This Court has previously rejected a similar claim, see Carothers v. State, 980 S.W.2d 215, 217-18 (Tenn. Crim. App. 1997), and we decline the invitation to revisit the issue.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is

granted, and the judgment of the trial court is affirmed.  It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
JOHN H. PEAY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE