IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## DURROCCUS D. HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-43870  James K. Clayton, Jr., Judge**

---

**No. M1999-02171-CCA-R3-PC - Decided June 30, 2000**

---

The petitioner, who pled guilty to two counts of possession of cocaine over .5 grams, filed for post-conviction relief on the grounds that the plea agreement was breached by the Department of Correction's failure to place him in a boot camp program. The trial court summarily dismissed the petition. On appeal, we affirm the trial court's dismissal of the petition where (1) the petition was filed outside the one-year statute of limitations, and (2) the plea agreement included only a "recommendation" for boot camp that was not binding on the Department of Correction.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**.

WADE, P.J., delivered the opinion of the court, in which RILEY and OGLE, JJ., joined.

William B. Bullock and John H. Baker III (on appeal), Murfreesboro, Tennessee, for the appellant, Durroccus D. Harris.

Paul G. Summers, Attorney General & Reporter, Clinton J. Morgan, Assistant Attorney General, and Jennings H. Jones, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

The petitioner, Durroccus D. Harris, appeals the trial court's dismissal of his petition for post-conviction relief. In this appeal of right, the single issue presented for review is whether the petition was barred by the statute of limitations. Because the petition was filed more than one year after the judgment of conviction, it was properly dismissed by the trial court.

On March 19, 1998, the defendant entered pleas of guilt to two counts of possession of cocaine over .5 grams. In accordance with the plea agreement, the trial court imposed a Range I sentence of nine years with the recommendation to the Department of Correction that he be admitted into a boot camp program. The petitioner remained in jail until February 1, 1999, when he was committed to the Classification Center at the Department of Correction's Middle Tennessee Reception Center. Ultimately, the petitioner was denied admission into the boot camp program.

In his petition for post-conviction relief, which was filed September 1, 1999, the

petitioner contended that his guilty pleas were neither knowingly nor voluntarily entered. The petitioner specifically alleged that there had been a breach of the plea agreement. In its answer, the state denied the petitioner's allegations and contended that the statute of limitations precluded post-conviction relief. The trial court denied the petition without an evidentiary hearing because the judgment merely provided that boot camp had been recommended and because, as a matter of law, the Department of Correction was not bound by the recommendation. In a motion to reconsider, the petitioner alleged that he believed that the Department of Correction was bound by the recommendation of the trial court and that if the statute of limitations had expired, he was nevertheless entitled to relief because he had no knowledge of the breach of the plea agreement until more than one year after the entry of the judgment of conviction. See Burford v. State, 845 S.W.2d 204 (Tenn. 1992). In a supplemental motion, the petitioner included the eligibility criteria for boot camp which, he complains, "shows that he should have been considered for Boot Camp Program placement based upon the recommendation of the convicting judge."

The trial court denied relief and dismissed the petition on September 27, 1999. Thirty-five days later, on November 1, 1999, the petitioner filed a notice of appeal. The petitioner's motion to reconsider was filed on the same date and, as such, could not have tolled the time for filing the notice of appeal. See also Tenn. R. App. P. 4(b), (c) (enumerating timely motions which terminate running of time for filing notice of appeal). Nevertheless, the timely filing of a notice of appeal may be waived by this court in a post-conviction case "in the interest of justice." Tenn. R. App. P. 4(a); State v. Scales, 767 S.W.2d 157 (Tenn. 1989).

While this court may entertain the appeal, the petitioner is still not entitled to relief. Because the judgment of conviction was entered on March 19, 1998, the statute of limitations had expired when the petitioner filed his claim for post-conviction relief on September 1, 1999. Tenn. Code Ann. § 40-30-202(a), (b). The applicable statute specifically provides that courts do not have jurisdiction to consider a petition filed after one year, absent certain circumstances, none of which appear in this case. Id.; cf. Sands v. State, 903 S.W.2d 297 (Tenn. 1995) (holding that under prior post-conviction act, petition was time-barred where statute of limitations had run and claim for relief was not a "later arising ground"); Burford v. State, 845 S.W.2d 204 (Tenn. 1992) (holding that under prior post-conviction act, petition was not barred by statute of limitations when earlier enhancing convictions were not declared void until after statute had run). In consequence, the petition was subject to a summary dismissal. See Carothers v. State, 980 S.W.2d 215 (Tenn. Crim. App. 1997).

Finally, a "recommendation" is that and nothing more. The trial court did recommend boot camp for the petitioner, but entry into the boot camp program is subject to administrative discretion, as indicated in the exhibit filed by the petitioner. Thus, even if the statute of limitations did not bar the petition, that the petitioner was denied entry into the boot camp program would not, standing alone, invalidate the pleas of guilt. Had the petitioner been erroneously denied admission into the boot camp program, any recourse available would have been appropriately pursued through the Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 to -324.

Accordingly, the judgment is affirmed.