IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2001

## RAYMOND HARDIE COX v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marion County**
**No. 4154     Buddy Perry, Judge**

_____

**No. M1999-00447-CCA-R3-PC - Filed March 2, 2001**

_____

The Defendant, Raymond Hardie Cox, appeals as of right from the dismissal of his post-conviction petition. He asserts that the trial court erred by dismissing his petition as barred by the statute of limitations. We find no error; thus, we affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Hardie Cox, Atlanta, Georgia, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 8, 1997, the Defendant filed both a pro se petition for post-conviction relief and an amended pro se petition for post-conviction relief in the Marion County Circuit Court. In his petition, he asserted that on March 18, 1991, he entered a guilty plea to a charge of burglary, and on June 15, 1992, he entered multiple guilty pleas to charges of burglary and forgery. He argued that his pleas were not knowing and voluntary, that he received ineffective assistance of counsel when he entered his pleas, that the prosecution engaged in various forms of misconduct by failing to properly investigate and discover certain facts related to his convictions, and that his rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution were violated. He further asserted that the statute of limitations should be tolled because he was unaware that he was entitled to relief until he was charged in federal court for another offense and his three prior burglary convictions were used to enhance his punishment. In his amended petition, the Defendant asserted that the statute of limitations should also be tolled because he recently received newly discovered evidence which "presents a novel issue and is therefore, exempt from a statutory time bar for filing for relief." The trial court dismissed his petition as barred by the statute of limitations. On appeal,

the Defendant reiterates his earlier claims and further asserts that to apply the statute of limitations to his case would deprive him of a reasonable opportunity to have his claims heard and decided. We find no merit to the Defendant's assertions.

In 1991 and 1992, when the Defendant entered the guilty pleas at issue, the statute of limitations for filing a petition for post-conviction relief was three years of the date of the final action of the highest state appellate court to which an appeal is taken. See Tenn. Code Ann. § 40-30-102 (repealed 1995). Because no appeal was taken from the guilty pleas, the statute of limitations would have expired on March 18, 1994 for the 1991 plea and on June 15, 1995 for the 1992 pleas. However, when the three-year statute of limitations was repealed on May 10, 1995, the enabling provision of the Post-Conviction Procedure Act of 1995 provided, "Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act." 1995 Tenn. Pub. Acts 207, § 3. Thus, because the Defendant still had a ground for relief under the three-year statute of limitations for his 1992 pleas when the new Act was passed, he then had until May 10, 1996 to file a post-conviction petition relating to his 1992 pleas. See id.; Carter v. State, 952 S.W.2d 417, 419-20 (Tenn. 1997). Clearly, by 1997, when the Defendant filed his petition, the statute of limitations had expired.

A court may entertain a post-conviction petition filed after the expiration of the statute of limitations if (1) the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial; (2) the claim is based upon new scientific evidence establishing that the defendant is actually innocent of the offense; or (3) the claim seeks relief from a sentence that was enhanced because of a previous conviction which has subsequently been held to be invalid. Tenn. Code Ann. § 40-30-202(b). None of these exceptions apply to the Defendant's case. While the Defendant claims to have received new evidence, his new evidence is not scientific evidence; thus, the Defendant's new evidence would not entitle him to post-conviction relief. See id.; Newsome v. State, 995 S.W.2d 129, 133 n.4 (Tenn. Crim. App. 1998). The Defendant's new evidence consists of an affidavit indicating that Sam Moore owned the building which the Defendant allegedly burglarized on November 27, 1991 and that the building was open to the public twenty-four hours a day, while the indictment stated that the building was owned by Mike Castle and that it was not open to the public. Further, the evidence consists of an affidavit from Mike Castle indicating that he owned a "Washeteria" in Kimball, Tennessee and that the business was open twenty-four hours a day when the Defendant allegedly burglarized it on February 25, 1991, while the indictment stated that the business was not open to the public.[1] Certainly, this is not new scientific evidence establishing the Defendant's innocence of the crimes charged; it is evidence that the facts surrounding the crimes may have been somewhat different from those alleged

---

[1]The indictments charging the Defendant are not in the record. Our analysis is based solely on the Defendant's allegations of fact in his petitions and in his brief to this Court.

in the indictments.[2]  Accordingly, it does not suffice to provide the trial court with jurisdiction to entertain the Defendant's post-conviction petition.

Finally, the Defendant argues that the application of the statute of limitations to his case would deny him the reasonable opportunity to have his claims heard and decided because he did not know he had the claims until his convictions were used to enhance his punishment for a later conviction.  In so doing, he relies on Burford v. State, 845 S.W.2d 204 (Tenn. 1992), in which our supreme court held that "due process requires that potential litigants be provided an opportunity for the presentation of claims in a meaningful time and in a meaningful manner."  Id. at 208; see also Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000).  The Burford court concluded that while the three-year statute of limitations for the filing of post-conviction petitions, which was in effect at the time, generally provides litigants with a reasonable opportunity to have claims heard and decided, application of the statute may violate due process if it bars a claim that is based on grounds for relief that did not exist when the limitations period began to run.  See Burford, 845 S.W.2d at 208-09.  In Burford, the defendant's sentence was enhanced on the basis of prior convictions, which were later declared invalid.  See id. at 208.  Until the later convictions were held invalid, the defendant had no opportunity to challenge the enhanced sentence; thus, the application of the statute of limitations denied the defendant a reasonable opportunity to have his claims heard and decided.[3]  Id. at 208-09.

Contrary to the Defendant's assertions, Burford will not provide him with relief in this case. The Defendant presented claims of ineffective assistance of counsel, involuntary guilty plea, prosecutorial misconduct, and violation of multiple provisions of the United States Constitution. The claims the Defendant presented were in existence during the entire three-year statute of limitations period following his pleas.  According to Burford, the three-year statute of limitations period provided a reasonable opportunity for the presentation of these post-conviction claims.[4] Burford, 845 S.W.2d at 208.  A defendant "who fails to assert an existing claim . . . in a timely fashion may not expect due process relief under Burford."  Seals, 23 S.W.3d at 278; see also Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).  Lack of knowledge that claims exist does not toll the

---

[2]When a defendant discovers new factual evidence establishing his or her innocence, as opposed to new scientific evidence, he or she has a limited remedy available in the form of a writ of error coram nobis.  See Tenn. Code Ann. § 40-26-105; Newsome, 995 S.W.2d at 133.  However, a writ of error coram nobis must be filed within one year from the date the judgment become final.  Tenn. Code Ann. § 27-7-103.  Also, it will not provide a defendant relief from a guilty plea if the guilty plea was voluntarily and knowingly entered.  Newsome, 995 S.W.2d at 133-34.  "A petition for the writ of error coram nobis is not intended to relieve a party of its own negligence, ignorance, or change of mind." Id. at 134.

[3]This factual scenario was remedied under the Post-Conviction Procedure Act of 1995, which permits a court to entertain a petition filed after the expiration of the statute of limitations if the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction which has subsequently been declared invalid.  See Tenn. Code Ann. § 40-30-202(b)(3).

[4]The supreme court has also held that the current one-year statute of limitations provides a defendant a reasonable opportunity to raise post-conviction claims in a reasonable time and manner.  See Seals, 23 S.W.3d at 279; see also Carothers v. State, 980 S.W.2d 215, 217-18 (Tenn. Crim. App. 1997).

statute of limitations.  See Brown v. State, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996).  Thus, this Defendant, who failed to present his existing claims in a timely fashion, may not receive relief under Burford.

Accordingly, we hold that the Defendant's post-conviction petition was barred by the statute of limitations.  The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE