IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 20, 2009 Session

## SARRAH HEWLETT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Robertson County**
**No. 99-0277    John H. Gassaway, III, Judge**

—————————————

**No. M2009-00379-CCA-R3-PC - Filed July 20, 2010**

—————————————

Petitioner, Sarrah Hewlett, appeals the trial court's dismissal of her petition for post-conviction relief because it is time-barred. On appeal, Petitioner argues that due process considerations require the tolling of the one-year statute of limitations for filing a post-conviction petition. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Paul J. Bruno, Nashville, Tennessee, for the appellant, Sarrah Hewlett.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; John Carney, District Attorney General; and Dent Morriss, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

On July 29, 1999, Petitioner and her co-defendant, Christy Burgess, were indicted for conspiracy to commit first degree premeditated murder, solicitation to commit first degree premeditated murder, and first degree premeditated murder. On February 23, 2000, the State filed a notice of intent to seek a sentence of life imprisonment without the possibility of parole in Petitioner's case. Pursuant to a negotiated plea agreement, Petitioner agreed to enter a plea of guilty to first degree premeditated murder, and the State agreed to enter a nolle prosequi as to counts one and two of the indictment. The State agreed not to seek a sentence

of life imprisonment without the possibility of parole. At the guilty plea submission hearing on March 31, 2000, the State offered the following factual basis in support of Defendant's plea of guilty:

> The victim in this case, Your Honor, is Timothy Edward Lee Hewlett. He was twenty-six years of age. At the time, [he] was a police officer with the Cross Plains Police Department. On June 21st, 1999, while asleep in his home in Cross Plains, he was shot in the back of the head one time with a nine millimeter pistol, which was his own personal weapon that he used as a police officer.

The State further informed the trial court that Petitioner's co-defendant entered a plea of guilty on March 17, 2000, to conspiracy to commit first degree premeditated murder in exchange for her agreement to testify truthfully at Petitioner's trial.

The trial court explained to Petitioner the constitutional rights she was foregoing by entering a plea of guilty. Petitioner stated that she understood that a sentence of life imprisonment with the possibility of parole would require her to serve a minimum of fifty-one years before she was eligible for parole. Petitioner acknowledged that she understood the difference between a sentence of life without the possibility of parole and life with the possibility of parole. Petitioner also acknowledged that she was giving up the right to appeal her conviction and sentence by the entry of a plea of guilty. When asked if the factual basis for her plea of guilty was correct, Petitioner responded, "Yes, sir." At the conclusion of the hearing, the trial court sentenced Petitioner to life imprisonment with the possibility of parole.

Petitioner filed a petition for post-conviction relief on October 31, 2007, alleging that her trial counsel rendered ineffective assistance of counsel in connection with the entry of her plea of guilty, and that her plea was not voluntarily and knowingly entered into. Petitioner also alleged that she had recently discovered new evidence in the form of Ms. Burgess' confession to another inmate that she, and not Petitioner, had killed Mr. Hewlitt.

The State filed a motion to dismiss the post-conviction petition without an evidentiary hearing because it was time-barred. At the hearing on the State's motion to dismiss, Petitioner testified that trial counsel told her that as a result of her plea of guilty, she could not "appeal in any way" her conviction or sentence. Petitioner understood from this advice that she would also be barred from seeking post-conviction relief. Petitioner acknowledged that she signed a waiver of appeal on March 31, 2000. Petitioner stated, however, that at that time she did not understand the difference between a direct appeal and a petition for post-conviction relief. Petitioner said that she learned about the possibility of post-conviction

relief from an inmate at the Tennessee Prison for Women where Petitioner was housed, and this information prompted Petitioner to file a post-conviction petition.

Petitioner stated that trial counsel's assistance was ineffective because he told Petitioner that the State would seek the death penalty should her case proceed to trial. Petitioner said that she was not aware before entering her plea that the State intended to only seek a sentence of life without the possibility of parole. Petitioner said that if she had known the State was not seeking the death penalty, she would not have entered a plea of guilty. Petitioner stated that trial counsel also told her that she would only have to serve twenty-five, instead of fifty-one, years as a result of her life sentence.

Susan Palmer testified that she and Christy Burgess were incarcerated together in 2001, and the two women became "best friends." Ms. Palmer stated that Ms. Burgess confided in her that she, Ms. Burgess, had killed the victim instead of Petitioner. Ms. Palmer said that she did not tell anyone about this conversation because she did not know what to do. Ms. Palmer was transferred to Nashville in 2007 where she met Petitioner. Ms. Palmer told Petitioner that Ms. Burgess had admitted to Ms. Palmer that she had killed the victim. On cross-examination, Ms. Palmer said that she was incarcerated as a result of her conviction of thirty-seven counts of forgery.

At the conclusion of the hearing, the trial court found that Petitioner had failed to establish that due process concerns necessitated the tolling of the one-year statute of limitations applicable to post-conviction petitions. The trial court also found that Petitioner's allegation of newly discovered evidence in the form of Ms. Burgess' confession was not a cognizable claim for reopening a post-conviction proceeding. The trial court found that "any claim of newly discovered evidence is properly brought before the court by way of a petition for writ of [error coram] nobis," and did not address the merits of Petitioner's claim. The trial court accordingly granted the State's motion to dismiss the post-conviction petition.

## II. Analysis

Relying on *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), Defendant argues that the one-year statute of limitations applicable to post-conviction petitions should be tolled as a result of trial counsel's misrepresentations concerning (1) Petitioner's appellate and post-conviction rights, (2) the State's intention to seek the death penalty in the event of a trial, and (3) the length of Petitioner's sentence which must be served before she was eligible for parole. Citing *Workman v. State*, 41 S.W.3d 100 (Tenn. 2002), Petitioner also contends that under due process principles, Petitioner should be given the opportunity for a hearing in which to present the newly discovered statements by Ms. Burgess which Petitioner contends support a claim of actual innocence.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. P. 4(a)(c)).

There are few statutory exceptions to the one-year statute of limitations. A petition for post-conviction relief may only be filed beyond the expiration of the one-year limitations period if the otherwise untimely claim is based on (1) a constitutional right that did not exist at trial; (2) new scientific evidence establishing that the petitioner is actually innocent of the convicting offense; or (3) a request for relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. T.C.A. § 40-30-102(b)(1)-(3). None of these statutory exceptions applies in the case *sub judice*.

"A petitioner's interest in collaterally attacking a conviction is not a fundamental right that deserves heightened due process protection." *Seals v. State*, 23 S.W.3d 272, 277 (Tenn. 2000). However, our supreme court has instructed that "before a state may terminate a claim for failure to comply with procedural requirements such as statute of limitations, due process requires that a potential litigant be provided an opportunity for the 'presentation of claims at a meaningful time and in a meaningful manner.'" *Id*. at 278 (quoting *Burford v. State*, 845 S.W.2d 207, 207 (Tenn. 1992)).

The exceptions to the technical requirements of the Post-Conviction Procedure Act are limited. *See Howell v. State*, 151 S.W.3d 450, 461 (Tenn. 2004). One exception was addressed by our supreme court in *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001). In *Williams*, the petitioner contended that the statute of limitations should be tolled because trial counsel failed to inform him that he had withdrawn from the case and failed to explain the petitioner's rights for filing a *pro se* Rule 11 application for permission to appeal to the supreme court. *Williams*, 44 S.W.3d at 468. The supreme court remanded the case to the post-conviction court for an evidentiary hearing, stating that:

> [t]he question, then, is whether the appellee in this case was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period . . .. The sole inquiry here . . . is whether this limitations period is tolled because of due process concerns surrounding possible attorney misrepresentation.

*Id.* at 471. In a footnote, the court clarified that it was "not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence" but that the inquiry was "only upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court." *Id.* at 468 n.7.

In this case, Petitioner testified that she signed a waiver of appeal in connection with the entry of her plea of guilty. Petitioner stated that trial counsel advised her that the waiver meant that Petitioner could not appeal her conviction and sentence "in any way." Petitioner said, however, that she believed that the waiver included a waiver of her right to post-conviction relief because she did not understand the difference between a direct appeal and a post-conviction proceeding.

The waiver of appeal signed by Petitioner on March 31, 2000, provided that Petitioner "did not desire to appeal her case to the Court of Criminal Appeals or to the Supreme Court of Tennessee." Petitioner also acknowledged in the waiver that she "fully [understood] her right to appeal her case and that she, nevertheless, desire[d] not to appeal." During the guilty plea submission hearing, the trial court asked Petitioner, "You are giving up your right to appeal the conviction, and you are giving up your right to appeal a sentence, do you understand that you are doing all that? Petitioner responded, "Yes, sir." Neither the waiver of appeal nor the record of the guilty plea submission hearing mentions Petitioner's post-conviction rights, and there is no indication that trial counsel continued to represent Petitioner after the submission of her plea of guilty.

Petitioner's failure to timely file a post-conviction petition was the result of her misunderstanding of the meaning of the word "appeal." However, it appears that Petitioner is impliedly maintaining that trial counsel should have explained the difference between a direct appeal and a collateral attack on her sentence and conviction. Nonetheless, this Court has previously held that "a petitioner's ignorance of the existence of the statute of limitation, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute." *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995) (*Citing Raymond Dean Willis v. State*, No. 01C01-9211-CR-00359, [1993 WL 427457] (Tenn. Crim. App. Oct. 21, 1993), *perm. to appeal denied* (Tenn. [Mar. 7,] 1994); *see also Tyrice L. Sawyers v. State*, No. M2007-02867-CCA-R3-PC, 2008 WL 5424031, at *3 (Tenn. Crim. App., at Nashville, Dec. 31, 2008), *perm to appeal denied* (Tenn. Apr. 27, 2009); *Stephen Willard Green v. State*, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022 (Tenn. Crim. App., at Knoxville, Jan. 30, 2007), *no perm. to appeal filed*; *Guillermo Matiaz Juan v. State*, No. 03C01-9708-CR-00318, 1999 WL 76453 (Tenn. Crim. App., at Knoxville, Feb. 18, 1999), *perm. to appeal denied* (Tenn. July 12, 2009). Based on

our review, we conclude that due process does not require the tolling of the one-year statute of limitations under these circumstances.

As for Petitioner's claims of ineffective assistance of counsel, our supreme court has instructed that "consideration must be given to whether the petitioner is raising a claim that has arisen *after* the statute of limitations has begun to run, i.e., a 'later-arising' claim." Seals, 23 S.W.3d at 278 (emphasis in original) (citing *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). "The "later-arising claim" limitation in *Sands* reflects the concern that a petitioner who fails to assert an existing claim, that is, a claim that is not later-arising, in a timely fashion may not expect due process relief under *Burford*." *Seals*, 23 S.W.3d at 277; *see also Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996) (concluding that a lack of knowledge that claims exist does not toll the statute of limitations).

Issues challenging guilty pleas and ineffective assistance of counsel are not later-arising claims. *Seals*, 23 S.W.3d at 279; *Mark A. Mitchell v. State*, No. M2002-01500-CCA-R3-PC, 2003 WL 1868649 (Tenn. Crim. App., at Nashville, Apr. 11, 2003), *perm. to appeal denied* (Tenn. Oct. 13, 2003); *Raymond Hardie Cox v. State*, No. M1999-00447-CCA-R3-PC, 2001 WL 208503, at *3 (Tenn. Crim. App., at Nashville, Mar. 2, 2001), *no perm. to appeal filed*. Our supreme court has concluded that the one-year statute of limitations provides a defendant a reasonable opportunity to raise post-conviction claims in a reasonable time and manner. *See Seals*, 23 S.W.3d at 279; *see also Carothers v. State*, 980 S.W.2d 215, 217-18 (Tenn. Crim. App. 1997). Because Petitioner failed to present these claims in a timely manner, she is not entitled to due process relief on this basis.

As for Petitioner's claim of newly discovered evidence not based on scientific evidence, we agree with the trial court that this claim is more properly presented through a petition for writ of error coram nobis pursuant to Tennessee Code Annotated section 40-26-105 rather than in a post-conviction forum. *Harris v. State*, 102 S.W.3d 587, 591 (Tenn. 2003); *Stacy Dewayne Ramsey v. State*, No. W2006-01827-CCA-R3-PC, 2008 WL 4117963, at *5 (Tenn. Crim. App., at Jackson, Sept. 3, 2008), *perm. to appeal denied* (Tenn. Mar. 16, 2009); *James Clark Blanton, III v. State*, No. M2001-02421-CCA-R3-PC, 2003 WL 21766251, at *9 (Tenn. Crim. App., at Nashville, July 20, 2003), *perm. to appeal denied* (Tenn. Dec. 28, 2003). Moreover, although other sources of collateral review addressing claims of newly discovered evidence may be available to Petitioner, this Court may not *sua sponte* convert the proceeding to one amenable to Petitioner's claim. *See Harris*, 102 S.W.3d at 593). Accordingly, Petitioner's claim of newly discovered evidence fails to present a claim upon which a post-conviction proceeding may be reopened. *See* T.C.A. § 40-30-117(a)(1-3).

## CONCLUSION

After a thorough review, we conclude that principles of due process do not require the tolling of the post-conviction statute of limitations in this case. We also conclude that Petitioner has failed to establish a statutory basis for reopening a post-conviction proceeding. Accordingly, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE