IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2013

**JEROME WALL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 9107725, 9109143      J. Robert Carter, Judge**

**No. W2012-01748-CCA-R3-PC  - Filed October 31, 2013**

Petitioner, Jerome Wall, pled guilty to robbery and aggravated robbery in August, 1992, in the Shelby County Criminal Court.  Petitioner received concurrent sentences of three years for his robbery conviction and ten years for his aggravated robbery conviction, to be served in the Tennessee Department of Correction.  On May 18, 2012, Petitioner filed a petition for post-conviction relief, challenging his 1992 convictions, which the trial court denied without an evidentiary hearing.  Finding no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JEFFREY S. BIVINS, JJ., joined.

Jerome Wall, Pearl, Mississippi, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner is presently serving a life sentence in the Mississippi Department of Correction for his 1996 conviction for possession of marijuana.  Petitioner alleges in his *pro se* petition for post conviction relief that "[t]he [t]rial [c]ourt lacked [j]urisdiction to sentence the Petitioner to concurrent sentences," rendering his 1992 convictions and sentences void.  The record shows that Petitioner was indicted on August 6, 1991, in case number 91-07725 for robbery committed on December 21, 1990.  Petitioner was indicted on September 19, 1991, in case number 91-09143 for aggravated robbery committed on May 11, 1991.

Petitioner asserts he was on bond after being arrested for the December, 1990 offense when he committed the May, 1991 offense. Petitioner pled guilty to both charges and was sentenced to concurrent sentences of three and ten years. Petitioner argues his sentences should have been ordered to run consecutively. *See* Tennessee Rule of Criminal Procedure 32(c)(3)(C); see also Tenn. Code Ann. § 40-20-111(b). Petitioner's sentences for those convictions were apparently used to enhance a sentence in Mississippi to life imprisonment.

The Tennessee judgments do not show whether Petitioner was sentenced to an effective sentence of ten years following a sentencing hearing wherein the trial court determined the length and manner of service of the sentences or if the sentence was imposed entirely pursuant to a negotiated plea agreement. In any event, whether the sentences could be entirely served by an effective ten-year sentence or an effective thirteen-year sentence, and with or without the statutory credits for pre-trial jail time, the sentences for the challenged convictions would have been fully served no later than August, 2005, well prior to the filing of this post-conviction petition. Therefore, even if this proceeding could be treated as a habeas corpus petition, the alleged illegality of the concurrent sentencing would not entitle Petitioner to any relief. *See Summers v. State*, 212 S.W.3d 251, 257 (Tenn. 2007).

The trial court summarily dismissed the petition for post-conviction relief, filed almost 20 years after the judgments were entered in 1992, as time-barred. The trial court also found that Petitioner is no longer in custody, having already served his sentences in those cases, and that any grounds for post-conviction relief have been waived or previously determined. The order states, "This Post-Conviction Petition follows a sequence of pleadings by which Petition[er] has sought, in vain, to set aside the 1992 convictions used to enhance his current sentence in another state."

The statute of limitations on a post-conviction petition begins to run from the date the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, from the date on which the judgment becomes final. *See* Tenn. Code Ann. § 40-30-102(a). At the time Petitioner's convictions became final, the statute of limitations for the filing of a petition for post-conviction relief was three years. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). Effective May 10, 1995, the statute of limitations was shortened from three years to one year. The Post Conviction Procedure Act of 1995 does not provide petitioners for whom the statute of limitations had already expired any additional time in which to file a petition for post-conviction relief. *Carter v. State*, 952 S.W.2d 417, 420 (Tenn. 1997). Because Petitioner's post-conviction petition was not time-barred when the new statute of limitations took effect, however, he would still have had one year from May 10, 1995, to file his petition under the 1995 Act. *See Carothers v. State*, 980 S.W.2d 215 (Tenn. Crim. App. 1997). Therefore, Petitioner's period for filing his petition expired on May 10, 1996.

Under the current post-conviction statute, consideration of a petition not filed within the statute of limitations is proper only if the claim (1) is based upon a newly established constitutional right not recognized at the time of trial, (2) is based upon new scientific evidence establishing actual innocence of the petitioner, or (3) the claim is based upon the enhancement of a sentence not resulting from a guilty plea with an agreed sentence where the enhancing sentence subsequently has been held to be invalid. Tenn. Code Ann. § 40-30-102(b).

Petitioner's claims do not fit within any of the statutory exceptions. Furthermore, we are unpersuaded that Petitioner's claims are controlled by *Burford*, a case that arose under the previous version of the Post-Conviction Procedure Act, which provided an exception to preserve the right of a post-conviction petitioner to mount an otherwise untimely challenge where strict application of the statute of limitations would deprive the petitioner of due process of law. *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992).

*Burford* was a unique case in which the petitioner was caught in a procedural trap in which he first had to challenge successfully his convictions in a post-conviction proceeding in one county in order to have a justiciable claim for relief in post-conviction proceedings in another county. *Burford*, 845 S.W.2d at 208. He was caught in a quandary because the bar of the statute of limitations applicable to the latter claim was looming prior to a determination of the former claim. *Burford*, 845 S.W.2d at 208. The supreme court found the application of the statute of limitations to the latter claim violated due process in that limited circumstance and allowed the *Burford* petitioner to maintain his claim notwithstanding the statute of limitations. *See Burford*, 845 S.W.2d at 209-10. *Burford* did not, however, give post-conviction petitioners the right to wage collateral attack on stale convictions themselves outside the statute of limitations. Unlike Petitioner, the petitioner in *Burford* filed his attack on his enhancing convictions within the time then allowed under the Act. *See generally Burford*, 845 S.W.2d 204. Contrary to *Burford*, Petitioner seeks to challenge not his enhanced sentence in Mississippi, over which this court has no jurisdiction, but his enhancing Tennessee convictions. In this situation, the *Burford* exception is inapplicable.

Petitioner also asserts that he has had no meaningful access to Tennessee law while incarcerated in Mississippi. It appears from the record that Petitioner was sentenced by the Mississippi court in September, 1996, which is subsequent to the running of the statute of limitations. We are unpersuaded by Petitioner's argument. The petition was filed almost 20 years after the judgments in this case became final. None of the three statutory exceptions for untimely filing under Code section 40-30-102(b) apply to the late-filed petition. Further, application of the statute of limitations in this case does not violate due process. *See Tony Bland v. State*, No. W2002-01784-CCA-R3-PC, 2003 WL 57420 at *1 (Tenn. Crim. App.

at Jackson, filed Jan. 6, 2003), *no perm. app. filed* (citing *Guillermo Matiaz Juan v. State*, No. 03C01-9708-CR-00318, 1999 WL 76453 (Tenn. Crim. App. at Knoxville, filed Feb. 18, 1999), *perm. app. denied* (Tenn. July 12, 1999) (holding ignorance of the law does not bar application of the post-conviction statute of limitations); and *William Lynn Johnson v. State*, No. 02C01-9605-CR-00136, 1997 WL 311493 (Tenn. Crim. App. at Jackson, filed June 10, 1997), *perm. app. denied* (Tenn. Sept. 15, 1997) (holding that incarceration in a federal prison without access to Tennessee legal resources does not fall within the statutory exceptions nor the due process exception)).

Accordingly, we affirm the judgment of the trial court in dismissing this petition.

_____
THOMAS T. WOODALL, JUDGE