IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2015 at Knoxville

**MONOLETO D. GREEN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2002-C-1287     Steve R. Dozier, Judge**

_____

**No. M2015-00937-CCA-R3-PC – Filed October 29, 2015**

_____

The Petitioner, Monoleto D. Green, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for having been untimely filed. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Monoleto D. Green, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Glenn R. Funk, District Attorney General; and Stephen Douglas Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2003, the Petitioner was convicted of three counts of aggravated robbery and three counts of robbery stemming "from a ten-day crime spree" during which he robbed six hotels in southeast Nashville. State v. Monoleto D. Green, No. M2003-02774-CCA-R3-CD, 2005 WL 1046800, at *1 (Tenn. Crim. App. May 5, 2005). The Petitioner received a total effective sentence of eighty-four years. Id. On direct appeal, this court affirmed the Petitioner's convictions but reduced his total effective sentence to seventy-eight years. Id. The Petitioner did not seek permission to appeal to our supreme court, and amended judgments reflecting this court's decision were entered on August 17, 2005.

The Petitioner filed a petition for post-conviction relief in 2007 which was summarily dismissed for being filed outside the applicable statute of limitations. It appears from the record that no direct appeal was taken from the post-conviction court's summary dismissal. On April 20, 2015, the instant petition for post-conviction relief was filed. In this petition, the Petitioner asserted that the statute of limitations should be tolled due to his mental incompetence and attached a court order to support his claim. The court order stated that a conservator had been appointed for the Petitioner on March 2, 2010. The post-conviction court summarily dismissed the petition for being untimely filed, finding there was "no basis to grant relief" from the statute of limitations.

On appeal, the Petitioner contends that the post-conviction court erred by summarily dismissing his petition. The Petitioner argues that the statute of limitations is unconstitutional because it violates his "right to due process and to be heard before the bar." The Petitioner further argues that he has been mentally incompetent since the time of his convictions and that the statute of limitations should be tolled due to his mental incompetence. The State responds that the statute of limitations is constitutional and that the Petitioner failed to make a prima facie showing that his mental incompetence prevented him from filing within the one-year statute of limitations.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it is undisputed that the Petitioner filed his petition well outside the one-year statute of limitations.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

With respect to the Petitioner's argument that the one-year statute of limitations is unconstitutional because it deprived him of his right to due process, we note that this court has previously addressed this issue. In Carothers v. State, this court held that the one-year statute of limitations "provides a reasonable opportunity for the presentation of post-conviction claims" and "does not violate the due process guarantees of the United

States and Tennessee Constitutions." 980 S.W.2d 215, 217-18 (Tenn. Crim. App. 1997) (citing Buford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (holding that previous statute's three-year limitations period was constitutional)). Accordingly, we conclude that this argument is devoid of merit.

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). Here, the Petitioner claims that the statute of limitations should be tolled because his mental incompetence prevented him from complying with the statute of limitations.

The standard of competency is whether the petitioner possessed the capacity to appreciate his position and "make a rational choice with respect to continuing or abandoning further litigation" or whether the petitioner was suffering from "a mental disease, disorder, or defect" that substantially affected his capacity. Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 512-13 (Tenn. 2013) (quoting Tenn. Sup. Ct. R. 28, § 11(B)(1)).[1] The post-conviction court should begin with a presumption that the petitioner is competent. Id. at 512.

The petitioner "must make a prima facie showing that [he] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" Reid, 396 S.W.3d at 512 (quoting Holton v. State, 201 S.W.3d 626, 632 (Tenn. 2006)). "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001), overruled on other grounds, Reid, 396 S.W.3d at 512; see Tenn. Code Ann. § 40-30-106(b), (f).

Here, the Petitioner failed to make a prima facie showing that his alleged mental incompetence prevented him from complying with the statute of limitations. The only document attached to the petition was a court order stating that a conservator had been appointed for the Petitioner in 2010. However, there was no documentation to support the Petitioner's claim that he was incompetent for the entire period of time from his 2003 convictions until the filing of his 2015 petition for post-conviction relief. In fact, the Petitioner filed a previous petition for post-conviction relief in 2007. Accordingly, we

---

[1] In its brief, the State asserts that the standard of mental incompetence with respect to the post-conviction statute of limitations is that announced in State v. Nix, 40 S.W.3d 459, 463 (Tenn. 2001). However, our supreme court expressly abandoned that standard in Reid ex rel. Martiniano, 396 S.W.3d at 511-13.

conclude that the post-conviction court did not err in summarily dismissing the petition for being untimely filed.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE