**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**

**FILED**

August 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| CALVIN OLIVER, | ) |
| | ) C.C.A. NO. 01C01-9902-CR-00049 |
| Appellant, | ) (No. 13773 Below) |
| | ) MARSHALL COUNTY |
| VS. | ) |
| | ) The Hon. William Charles Lee |
| STATE OF TENNESSEE, | ) |
| | ) (Dismissal of Post-Conviction Petition) |
| Appellee. | ) |
| | ) AFFIRMED PURSUANT TO RULE 20 |

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

It appears from the petitioner's post-conviction petition that he pled guilty to theft, auto burglary, and delivery of a schedule II controlled substance on August 7, 1996. It does not appear that an appeal was taken. Subsequently, on January 5, 1999, the petitioner filed a pro se petition for post-conviction relief. In his petition, he claimed that the statute of limitations should be waived because his I.Q. is less than 85. On January 8, 1999, the trial court dismissed the petition as outside the statute of limitations. We affirm.

Pursuant to T.C.A. § 40-30-206(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed his petition for post-conviction relief

outside the statute of limitations set forth in T.C.A. § 40-30-202(a), and he does not submit that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b). Instead, the petitioner contends that the statute of limitations should be tolled because his I.Q. is below 85.

-2-

The record does not reflect that the petitioner is mentally incompetent, and the statute clearly states that the one-year limitations period shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. T.C.A. § 40-30-202(a). Nor do we find that application of the statute of limitations in this instance does not violate due process principles. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE