IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2014

## JERRY LYNN DRIVER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 88-S-1651      J. Randall Wyatt, Jr., Judge**

**No. M2014-00015-CCA-R3-CO - Filed October 14, 2014**

The Petitioner, Jerry Lynn Driver, appeals as of right from the Davidson County Criminal Court's summary dismissal of his "motion to set aside guilty plea or in the alternative petition for a writ of error coram nobis or a petition for a writ of habeas corpus." The Petitioner contends that the Criminal Court erred in summarily dismissing his motion as being untimely filed. Discerning no error, we affirm the judgment of the Criminal Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

David D. Harris, Nashville, Tennessee (on appeal), for the appellant, Jerry Lynn Driver.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1989, the Petitioner pled guilty to two counts of aggravated kidnapping and one count of escape. The Petitioner received an effective sentence of life imprisonment plus five years to be served consecutively to a prior sentence of life imprisonment. The Petitioner filed the instant motion on September 23, 2013. In the motion, the Petitioner alleged that he was mentally incompetent at the time of his guilty pleas, that he was on anti-psychotic medication at the time of his guilty pleas, and that his trial counsel was ineffective for allowing him to plead guilty under such circumstances.

The Criminal Court summarily dismissed the motion concluding that it had "no jurisdiction to entertain a motion to withdraw a guilty plea, a post-conviction petition, or a petition for writ of error coram nobis" because the motion was filed well after the applicable statute of limitations and did not "allege that the limitations period should be tolled on due process grounds." The Criminal Court also noted that the trial court record in this case contained a letter stating that the Petitioner had undergone a mental evaluation and was deemed competent to stand trial.

On appeal, the Petitioner's sole argument is that the allegations in his motion were sufficient to make a prima facie showing of his mental incompetence and toll the statute of limitations for post-conviction relief. The State responds that the Criminal Court's summary dismissal of the motion was proper.

At the outset, we note that a "trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after the judgment is final." State v. Green, 106 S.W.3d 646, 649 (Tenn. 2003). Because the Petitioner's judgment became final in 1989, we conclude that the Criminal Court was correct in its determination that it was without jurisdiction to treat the Petitioner's motion as a motion to withdraw his guilty plea.

As for the Petitioner's request for error coram nobis relief, a writ of error coram nobis is an extraordinary remedy available only under very narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105 (2006); see State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995).

The purpose of a writ of error coram nobis is to bring to the court's attention a previously unknown fact that, had it been known, may have resulted in a different judgment. State v. Vasques, 221 S.W.3d 514, 526-27 (Tenn. 2007). Here, the Petitioner alleged no facts in his motion that could be construed as previously unknown or newly discovered. As such, the Criminal Court did not err in denying the Petitioner a writ of error coram nobis.

With respect to the Petitioner's request for a writ of habeas corpus, under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of

the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

An allegation that a guilty plea was not knowingly and voluntarily entered into would only render the judgment voidable, not void; therefore, such a claim is not cognizable in a habeas corpus proceeding. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). As such, the Criminal Court did not err in summarily dismissing the Petitioner's motion as it related to a claim for writ of habeas corpus.

Lastly, post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ."[1] Tenn. Code Ann. § 40-30-102(a). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Id. "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b).

The Post-Conviction Procedure Act provides three factual circumstances in which the statute of limitations may be tolled: (1) the claim is based upon a constitutional right "that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the claim is based upon "new scientific evidence" establishing the actual

---

[1] At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). However, the current Post-Conviction Procedure Act and its one-year statute of limitations govern "all petitions filed after May 10, 1995." Carothers v. State, 980 S.W.2d 215, 216 (Tenn. Crim. App. 1997); see also 1995 Tenn. Pub. Act 207, § 3 (the enabling provision of the Act which stated that the Act "shall govern all petitions for post-conviction relief filed after" the effective date and that "any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition . . . .").

innocence of the petitioner; or (3) the claim seeks relief from a sentence that was enhanced based upon a previous conviction which was subsequently held to be invalid and the previous conviction "was not a guilty plea with an agreed sentence." Tenn. Code Ann. § 40-30-102(b). There is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory circumstances listed above, our supreme court has held that due process principles may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24. The Petitioner limits his due process claim to the issue of mental incompetence.

The standard of competency is whether the petitioner possessed the capacity to appreciate his position and "make a rational choice with respect to continuing or abandoning further litigation" or whether the petitioner was suffering from "a mental disease, disorder, or defect" which substantially affected the his capacity. Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 512-13 (Tenn. 2013) (quoting Tenn. Sup. Ct. R. 28, § 11(B)(1)). The post-conviction court should begin with a presumption that the petitioner is competent. Id. at 512. The petitioner "must make a prima facie showing that [he] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" Id. (quoting Holton v. State, 201 S.W.3d 626, 632 (Tenn. 2006)). "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001), overruled on other grounds, Reid, 396 S.W.3d at 512 ; see Tenn. Code Ann. § 40-30-106(b),(f). The Petitioner failed to attach any such supporting material to his motion. Accordingly, the Criminal Court did not err in its determination that the Petitioner's motion was untimely filed for purposes of post-conviction relief.

Upon consideration of the foregoing and the record as a whole, the judgment of the Criminal Court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE